UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON, PLC <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 1:21-cv-00008-MJT |

**PFIZER'S MOTION TO STAY**
**DISCOVERY AND MEMORANDUM IN SUPPORT**

Defendant Pfizer Inc. ("Pfizer") respectfully moves the Court to stay discovery—and defer entry of a Scheduling Order—pending resolution of the company's motion to dismiss. (ECF 37.)[1] The Court should grant this relief because (1) Pfizer has strong arguments for dismissal and, as Relator herself has stated publicly, she is "unlikely to win" this lawsuit; (2) Relator's claims against Pfizer are subject to mandatory alternative dispute resolution ("ADR") requirements that the U.S Department of Defense ("DoD") undertook as part of its initial contract to purchase Pfizer's vaccine; (3) discovery in this case will be extensive and impose substantial burdens, not only on the parties, but also on several federal government agencies focused on fighting the COVID-19 pandemic; and (4) given Relator's history of violating this Court's sealing order to promote her anti-vaccination agenda, the Court should satisfy itself that Relator has stated a viable claim and that the Court's case management orders will be followed before discovery begins.

---

[1] It is Pfizer's understanding that Defendants Ventavia Research Group, LLC ("Ventavia") and ICON plc ("ICON") intend to file notices of joinder concerning Pfizer's Motion to Stay. Ventavia and ICON have until June 6, 2022 to file their respective motions to dismiss. (ECF 38.)

## **LEGAL STANDARD**

The Fifth Circuit has held that a "district court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). An order staying discovery is appropriate upon a showing of good cause. *Id.*; *see also* Fed. R. Civ. P. 26(c)(1)(A). In determining whether good cause exists to stay discovery, courts assess (1) the strength of the dispositive motion filed by the party seeking a stay, (2) the breadth of discovery sought, and (3) the burden of responding to such discovery. *Bowman v. Wells Fargo Bank, N.A. for Park Place Sec., Inc.*, No. 1:13-CV-389, 2014 WL 12791068, at *1 (E.D. Tex. Apr. 4, 2014); *see also Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (granting stay of discovery because "a cursory review of the motion [to dismiss] reveals that defendants have substantial arguments for dismissal of many, if not all, of plaintiff's claims").

A stay is appropriate when "resolving a motion to dismiss might reduce or preclude the need for discovery" or when "'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'" *Whittington v. Mobiloil Fed. Credit Union*, No. 1:16-CV-482, 2018 WL 4278503, at *1 (E.D. Tex. Apr. 5, 2018) (quoting *Fujita*, 416 F. App'x at 402); *see also Vanderlan v. Jackson HMA, LLC*, No. 15-767-DPJ-KFB, 2017 WL 9360854, at *1 (S.D. Miss. Dec. 22, 2017) (finding good cause to stay discovery in a False Claims Act ("FCA") case where the stay "would potentially prevent a significant, unnecessary expenditure of resources by the parties" and because "[t]he Court [did] not anticipate that the stay of discovery [would] be lengthy, as it [would] only be in effect until the Court rule[d] on the pending motion to dismiss").

## ARGUMENT

**I.   A STAY IS APPROPRIATE GIVEN THE INFIRMITIES OF RELATOR'S COMPLAINT.**

A stay is appropriate where the strength of a motion to dismiss counsels against launching expensive and unnecessary discovery. *Bowman*, 2014 WL 12791068, at *1. Relator brought this action "in the name of the Government" under the qui tam provision of the FCA, 31 U.S.C. § 3730(b)(1), and is claiming that the United States should not have approved or paid for Pfizer's COVID-19 vaccine. (Am. Compl. ¶ 287.) Pfizer's Motion to Dismiss, which is summarized briefly here, weighs heavily in favor of staying discovery, because (1) Relator's operative complaint fails to plead the basic elements of an FCA violation, and (2) the complaint represents an improper attempt to hijack the qui tam process to advance Relator's personal agenda, which is impossibly at odds with the Government's policies and programs aimed at fighting the COVID-19 pandemic. (ECF 37.)

With respect to Pfizer, the complaint alleges that the company violated certain Food and Drug Administration ("FDA") regulations requiring clinical trial sponsors to monitor clinical studies, as well as certain provisions of the Federal Acquisition Regulation ("FAR") requiring government contractors to manage their subcontractors. (Am. Compl. ¶¶ 211-224.) According to Relator, these alleged regulatory violations "went to the very essence of the bargain" between Pfizer and DoD, (Am. Comp. ¶ 287), and resulted in "express and implied false certifications" of compliance in Pfizer's claims for payment to the Government (Am. Comp. ¶ 274). All of this, she alleges, violated Sections 3729(a)(1)(A) and 3729(a)(1)(B) of the FCA.

These causes of action fail because Relator has not sufficiently pled that Pfizer submitted a "false or fraudulent" claim seeking payment from the Government. *See, e.g.*, *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009) ("[T]he provision's *sine qua non* is

the presentment of a false claim."); *United States v. Southland Management Corp.*, 326 F.3d 669, 675 (5th Cir. 2003) ("There is no liability under this Act for a false statement unless it is used to get [a] false claim paid."). Specifically, the complaint does not identify any false or misleading statements or representations that Pfizer submitted to the United States in the company's invoices for its vaccine, as required under the FCA. Relator instead focuses her complaint on purported violations of federal regulations. These allegations are baseless and, regardless, they fail to state a claim because the FCA is "not an all-purpose anti-fraud statute," nor is it "a vehicle for punishing garden-variety breaches of contract and regulatory violations." *Universal Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 194 (2016) (quoting *Allison Engine Co. v. United States ex rel. Sanders,* 553 U.S. 662, 672 (2008)); *see also United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 902 (5th Cir. 1997) ("[v]iolations of laws, rules, or regulations alone do not create a cause of action under the FCA.") (quoting *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996)) (brackets in original).

At best, Relator's complaint represents a deficient attempt to state a cause of action under the "implied false certification" theory of FCA liability. *See Escobar*, 579 U.S. at 180. Claims for payment can only be impliedly "false," when, among other things, they fail to disclose noncompliance with statutory, regulatory, or contractual requirements that are "material to the Government's payment decision." *Id.* As Pfizer's Motion to Dismiss explains in detail, the complaint itself and the public record show that the Government has been fully aware of Relator's allegations for nearly two years without withdrawing authorization or approval of Pfizer's vaccine or stopping payment. (ECF 37, at 17-18.) To the contrary, FDA has taken regulatory action that has made the vaccine widely available and FDA has publicly responded to Relator's allegations by expressing the agency's "full confidence" in the data used to support the vaccine. (ECF 37, at

15.)  DoD continues to purchase the vaccine and make it available, free of charge, to all people living in the United States.  (ECF 37, at 16.)  In addition, the U.S. Department of Justice ("DOJ"), which was required under 31 U.S.C. § 3730(a) to "diligently" investigate Relator's allegations, has declined to participate in this lawsuit.  (ECF 37, at 24.)  All of this is "very strong evidence" that Relator's allegations are not material to the United States, and thus Relator has no claim.  *Escobar,* 579 U.S. at 195 ("[I]f the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material.").

Pfizer's Motion to Dismiss also demonstrates that Relator's complaint seeks to improperly abuse the FCA in order to promote her anti-vaccination agenda.  (ECF 37, at 4-5, 17.)  Congress enacted the FCA's qui tam provision to empower private individuals to bring anti-fraud lawsuits on behalf of the United States.  The Relator has no claim separate from the Government; rather a relator's role is to pursue litigation that advances *the Government's* interests.  Here, Relator has publicly stated in interviews that she knows her claims are "unlikely" to succeed, but she is moving forward with this litigation in an effort to undercut "public opinion" about Pfizer's vaccine:

> Somebody has some explaining to do.  But again, who do I share [my information] with?  Not my [G]overnment, that's for f*** sure.  **So it's more, just for me, its public opinion.  My attorney's kinda prepared me for this. 'Brook, you're unlikely to win your lawsuit.' . . .** So I told him, I asked him, 'So basically I'm just gonna have to take it [EXPLICIT].  That's what you're telling me.  I just have to be ok with being [EXPLICIT].  That's what you're telling me?'  And he said, 'Well I wouldn't put it like that.'  But that's basically what I have to be ok with. . . . **So that's why it's been so important for me to get the story out.  And it's really a matter of public opinion.  And people understanding actually what we're dealing with.**

*Whistleblower Researcher leaks documents Pfizer's pivotal Covid-19 shot trials*, THE FILTHY TRUTH PODCAST WITH LYNN NELSON, 49:07-50:33 (Feb. 25, 2022), available at https://open.spotify.com/episode/0S8AhTMLVFEhD29pw04H7q  (last visited May 7, 2022)

(emphasis added); *see also* ECF 37, at 17 (quoting from Relator's tweets where she states, among other things, that the entire Government "is complicit in a scheme to hide the truth" about Pfizer's vaccine and "complicit in fraud, period" and calling Dr. Anthony Fauci "the face of corruption and evil."). Rather than bringing this lawsuit to advance the Government's interests, Relator seeks to challenge one of the Government's chosen tools for combatting the pandemic—namely, its continued authorization and purchase of Pfizer's vaccine. It would be an inappropriate and dangerous use of the FCA if Relator were allowed to pursue her agenda by advancing this lawsuit.

Dismissal here is not only warranted but would obviate the need for discovery altogether. Moreover, a stay would not needlessly lengthen the litigation or prejudice Relator, as the stay need only last a short time until the Court rules on Pfizer's compelling Motion to Dismiss. *Vanderlan*, 2017 WL 9360854, at *1 (granting motion to stay in a qui tam action because of "the nature of the claims," "the potential costs [defendant] faces in responding to discovery," and noting a stay would "only be in effect until the Court rules on the pending motion to dismiss"). The Court should therefore exercise its discretion to stay discovery and defer entry of a Scheduling Order until the Court decides Defendants' motions to dismiss.

II. **A STAY IS APPROPRIATE BECAUSE RELATOR'S CLAIMS AGAINST PFIZER ARE SUBJECT TO CONTRACTUAL ADR REQUIREMENTS.**

As explained in Pfizer's Motion to Dismiss, Relator's claims against Pfizer cannot proceed in this Court pursuant to the express terms of the contract under which the Government started purchasing Pfizer's vaccine. (ECF 37, at 27-30.) That agreement between Pfizer and DoD contains a detailed ADR provision, which applies to "[a]ny disagreement, claim or dispute among the [p]arties concerning questions of fact or law arising from or in connection with [the] Agreement and *whether or not involving an alleged breach of [the] Agreement*." (ECF 37, Exhibit A § 7.02,

¶ 1.) In other words, these ADR requirements apply, under their plain terms, to contractual and non-contractual causes of action alike, including statutory claims like the present FCA lawsuit.

Under the agreement's dispute resolution provision, the Government cannot file a lawsuit relating to the subject-matter of the agreement unless the Government first provides Pfizer with "a writing documenting the relevant facts, identifying unresolved issues, specifying the clarification or remedy sought, and documenting the rationale as to why the clarification/remedy is appropriate." (ECF 37, Exhibit A, § 7.02, ¶ 3.) If the parties are unable to resolve the dispute themselves, the Government may "request a decision by the [U.S. Army Contracting Command-New Jersey], Center Director for Emerging Technologies," which must render a decision within 30 days of receiving the parties' written submissions. *Id*. Only upon exhausting administrative remedies may the Government pursue "any right or remedy provided by law." (ECF 37, Exhibit A, § 7.02, ¶ 4.) Because the Government has not pursued the ADR process or taken any other action against Pfizer, Relator, who stands in the shoes of the United States as a "partial assignee" of the Government's rights, cannot sue Pfizer on the Government's behalf unless and until the Government first satisfies the ADR requirements. (ECF 37, at 27-28 (citing *United States ex rel. Little v. Shell Expl. & Prod. Co.,* 690 F.3d 282, 285 (5th Cir. 2012); *United States v. Bankers Ins., Inc.,* 245 F.3d 315, 324 (4th Cir. 2001); *Arcadis U.S., Inc. v. Stryker Demolition & Env't Servs., LLC,* No. 20-0471, 2021 WL 785138, at *3 (W.D. La. Mar. 1, 2021)).)

Parties include ADR provisions in their contracts in an effort to avoid the cost and expense of courtroom litigation. Recognizing this, courts in the Fifth Circuit regularly stay discovery, pending determination as to whether an ADR provision applies. *See, e.g.*, *Williams v. Bankers Life & Cas. Co.*, CV No. 21-293-SDD-SDJ, 2022 WL 187809, at *1 (M.D. La. Jan. 20, 2022) ("Courts have demonstrated a proclivity to stay proceedings pending arbitration when a valid

arbitration agreement exists between the parties."); *Norman v. Travelers Ins. Co.*, No. 3:19-CV-2351-S-BN, 2019 WL 6250782, at *2 (N.D. Tex. Nov. 22, 2019) (granting motion to stay discovery pending a decision on a motion to compel arbitration under the court's "inherent power to stay discovery until preliminary questions that may dispose of the case are determined") (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *Patel v. Regions Bank*, No. CV 18-796-BAJ-RLB, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018) (granting motion to stay because "[a]llowing Plaintiff to conduct discovery . . . prior to a determination of whether Plaintiffs and [Defendant] must arbitrate their dispute would, if arbitration is required, subject [Defendant] to undue burden and expense."). Pfizer respectfully asks the Court to do the same here.

### III. DISCOVERY SHOULD BE STAYED BECAUSE RELATOR'S CLAIMS WILL CREATE SIGNIFICANT DISCOVERY BURDENS ON THE GOVERNMENT AGENCIES THAT ARE FIGHTING THE PANDEMIC.

There is also good cause to issue a stay here because, without one, discovery will needlessly burden important government functions. Factual development relating to an alleged fraud begins with the purported victim—here the United States Government—and much of the relevant documentation and testimonial evidence resides with various government agencies. Relators' complaint, its supporting exhibits, and documents on her website, have identified numerous government personnel at DoD, FDA, and DOJ, who have personal knowledge about the claims and defenses in this case. (ECF 37, at 14-18.) Absent a stay of discovery, the Government will be subject immediately to extensive document and deposition requests, which will—given the deficiencies in Relator's complaint—needlessly tax many of the federal agencies that are currently focused on fighting a global pandemic.

## IV. RELATOR'S HISTORY OF VIOLATING THIS COURT'S SEALING ORDER WEIGHS IN FAVOR OF STAYING DISCOVERY.

Relator's track record of violating this Court's sealing order is another factor that weighs in favor of staying discovery and deferring entry of a Scheduling Order. Relator has acknowledged on the homepage of her website that her complaint "was filed on January 8, 2021, under seal and [the Court] ordered [her] to refrain from disclosing any information about the case." She also noted that her former counsel warned her not to violate this order. But frustrated with "a legal action that [she believed] was used to keep [her] silenced," Relator "took the evidence cited in her complaint to the [the media] and retained new counsel."[2] She also started a new Twitter account, where she posted the caption of this case and key paragraphs from her complaint summarizing her theories of liability. (Exhibit 3.) This all occurred while the Court's sealing order was in effect.

As Relator made clear in an email to her former counsel that she posted on her website, the merits of her suit are subordinate to gaining access to information and sharing it publicly: "What's my end game? It's not money! . . . [I]t's public information . . . ." (Exhibit 4, at 3.) As a result, Pfizer has good reason to question whether Relator will abide by the Court's case management orders (relating to confidentiality and patient privacy) if discovery moves forward. Pfizer therefore respectfully asks the Court to stay discovery, until it is satisfied that Relator has a viable claim and will comply with the Court's orders.

---

[2] I Am Brook Jackson, Home, https://www.iambrookjackson.com/documentstore/1a5c9593-fb30-413e-be3e-fb9b39e00707 (last visited May 7, 2022). On May 11, 2022, Relator tweeted that she was "just reviewing Pfizer's motion to dismiss." Within hours, Relator pulled down her website. *Compare* Exhibit 1, at 3 (reflecting a true and correct copy of Relator's website collected before May 11, 2022) *with* Exhibit 2 (reflecting the page displayed when accessing Relator's website after May 11, 2022).

## CONCLUSION

For all these reasons, the Court should stay discovery and defer the entry of a Scheduling Order in this matter pending the Court's resolution of Pfizer's Motion to Dismiss. A proposed order granting such relief is submitted with this Motion.

Date: May 17, 2022

Respectfully Submitted,

*/s/ Meagan D. Self*
Carlton E. Wessel (admitted *pro hac vice*)
**DLA Piper US LLP**
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Email: Carlton.Wessel@us.dlapiper.com

Andrew J. Hoffman II (admitted *pro hac vice*)
**DLA Piper US LLP**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Telephone: (310) 595-3010
Email: Andrew.Hoffman@us.dlapiper.com

Meagan D. Self
**DLA Piper US LLP**
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4556
Email: Meagan.Self@us.dlapiper.com

Tommy L. Yeates
**Moore Landrey, LLP**
905 Orleans Street
Beaumont, Texas 77701
Telephone: (409) 835-3891
Email: tyeates@moorelandrey.com

*Counsel for Defendant Pfizer Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), I hereby certify that on May 3, 2022, I conferred with Defendants' and Relator's counsel via videoconference regarding Pfizer's Motion to Stay Discovery. Relator's counsel confirmed Relator opposes this Motion. Ventavia and ICON intend to file separate notices joining in this Motion.

                                                    */s/ Meagan D. Self*
                                                   Meagan D. Self

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2022 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system in accordance with this Court's Local Rules.

                                                    */s/ Meagan D. Self*
                                                   Meagan D. Self