IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* Brook Jackson, <br><br>      Plaintiff, <br><br> v. <br><br> **VENTAVIA RESEARCH GROUP, LLC; PFIZER INC.; ICON PLC,** <br><br>      **Defendants.** | CASE NO. 1:21-CV-00008-MJT |

### VENTAVIA RESEARCH GROUP, LLC'S NOTICE OF JOINDER IN PFIZER AND ICON'S MOTIONS TO STAY DISCOVERY

Under Federal Rule of Civil Procedure 10(c), Defendant Ventavia Research Group, LLC ("Ventavia") hereby joins and adopts by reference *Pfizer's Motion to Stay Discovery and Memorandum in Support* (Dkt. 40) and *Icon's Motion to Stay Discovery and Notice of Joinder in Pfizer's Motion to Stay Discovery* (Dkt. 41). Ventavia agrees that discovery should be stayed pending the resolution of all motions to dismiss, and there is no need to belabor the points that have already been so well articulated in the other briefs.

It is worth emphasizing, however, that while Pfizer's motion to dismiss is enough to justify dismissal of the whole case, Ventavia and Icon are preparing their own motions (due June 6) that will outline additional dismissal grounds and will further reduce the possibility that this case moves forward at all. Allowing discovery to proceed in the interim will be a waste of time and an inappropriate imposition on the Court, the defendants, and other third parties—including various government agencies (Dkt. 40 at 8) and thousands of individuals who participated in the clinical trials. Any discovery directed to Ventavia's clinical trial records will almost certainly threaten the

privacy rights of those individuals, who never signed up for their personal information to be part of this (or any) litigation.

Staying discovery is especially appropriate in the context of this case, which asserts baseless allegations of government fraud on a subject that is already highly charged and ripe for reputational abuse. Because even unsupported allegations of government fraud are serious, False Claims Act cases are only permitted to move forward after clearing the heightened pleading standards of Rule 9(b), which—as the Fifth Circuit has explained—"provides a 'screening function' to ensure that the case has not been brought for frivolous reasons." *United States ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890, 892 n.2 (5th Cir. 2013). As ICON explained in its motion to stay, strictly applying Rule 9(b) standards on the front end "prevents discovery intended as a mere fishing expedition, and protects the defendants' reputations from baseless allegations." *Id.* (Dkt. 41 at 4-5.) For those and other reasons, the Fifth Circuit applies Rule 9(b) "with bite and without apology" in FCA cases. *United States ex rel. Porter v. Magnolia Health Plan, Inc.*, 810 F. App'x 237, 240 (5th Cir. 2020) (quotation omitted).

Those concerns are only heightened in a case like this one, where—as discussed in Pfizer's motion to dismiss and motion to stay—Relator appears motivated in significant part to use this litigation to support a self-serving public relations campaign built on attacking the reputation of the Defendants and the United States government as a whole. The courthouse doors may be open to such allegations in the first instance; but this Court should not hand over the keys to discovery unless and until Relator can state a viable claim for relief under Rule 12(b)(6) and Rule 9(b). Because Ventavia believes Relator will never be able to do so, it respectfully joins in the requests to stay discovery pending the resolution of all motions to dismiss.

Respectfully submitted,

*/s/ Stacy L. Brainin*
Stacy L. Brainin
Texas Bar No. 02863075
Andrew W. Guthrie
Texas Bar No. 24078606
Taryn M. McDonald
Texas Bar No. 24088014
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: (214) 651-5000
Fax: (214) 651-5940
stacy.brainin@haynesboone.com
andrew.guthrie@haynesboone.com
taryn.mcdonald@haynesboone.com

**COUNSEL FOR VENTAVIA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record on May 17, 2022, pursuant to the Court's ECF filing system and the Federal Rules of Civil Procedure.

*/s/ Taryn M. McDonald*
Taryn M. McDonald