Robert E. Barnes, Esq., *pro hac vice*
Lexis Elizabeth Anderson, Esq., Texas Bar No. 24127016
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (310) 510-6211
E-mail: robertbarnes@barneslawllp.com

Attorneys for Plaintiff United States of America ex rel. Brook Jackson.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS (Beaumont)

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. BROOK JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> VENTAVIA RESEARCH GROUP, LLC, et al. <br><br> Defendants. | Case No.: 1:21-cv-00008-MJT <br><br> **PLAINTIFF UNITED STATES OF AMERICA EX REL. BROOK JACKSON'S RESPONSE IN OPPOSITION TO DEFENDANT PFIZER'S MOTION TO STAY DISCOVERY.** <br><br> **[ORAL HEARING REQUESTED]** |

## TABLE OF CONTENTS

I. INTRODUCTION ……………………………………………………………………………1

II. SUMMARY ……………………………………………………………………………...............1

III. ARGUMENT ……………………………………………………………………………2

   1. The Law Disfavors Complete Stays Of All Discovery………………………………………2

   2. No Stay Should Apply To Discovery Necessary To Oppose A Motion To Dismiss, Nor Should A Stay Apply To Rule 26 Discovery…......................................................................................................................5

   3. Alternatives Exist Better Than A Stay Of Discovery……………………………………...7

IV. CONCLUSION ……………………………………………………………………………..8

CERTIFICATE OF SERVICE …………………………………………………………………...9

PROPOSED ORDER ……………………………………………………………………………...11

# TABLE OF AUTHORITIES

**CASES:**

*Arcadi U.S., Inc. v. Stryker Demolition,* No. 20-0471, 2021 WL 785138 (W.D. La. Mar. 1, 2021) …….5

*Bowman v. Wells Fargo Bank,* No. 1:13-CV-389, 2014 WL 12791068 (E.D. Tex. Apr. 4, 2014) …..2, 3

*Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132 (N.D. Tex. Mar. 18, 2015) …2

*Health Choice Grp., LLC v. Bayer Corp.*, No. 5:17CV126-RWS-CMC, 2018 WL 5728515 (E.D. Tex. Apr. 25, 2018) ……………………………………………………………………………………..2, 5, 7

*Quality Infusion Care, Inc. v. Health Care Serv. Corp.,* 628 F.3d 725 (5th Cir. 2010) …………………6

*State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 580 U.S. 39, 137 S. Ct. 436 (2016) ………………...6

*U.S. v. International Business Machines Corp.* 453 F.Supp. 194 (S.D. N.Y. 1977) …………………….4

*United States v. Bankers Ins., Inc.,* 245 F.3d 315 (4th Cir. 2001) ……………………………………….5

*United States ex rel. Atkins v. McInteer,* 470 F.3d 1350 (11th Cir. 2006) ……………………………….6

*United States ex rel. Little v. Shell Expl. & Prod. Co.,* 690 F.3d 282 (5th Cir. 2012) …………………..5

*Von Drake v. Nat'l Broad,* No. 3-04-CV-0652R, 2004 WL 1144142 (N.D. Tex. May 20, 2004) …....2, 3

**STATUTES:**

31 U.S.C. §3730(b)(2) …………………………………………………………………………………...6

**RULES:**

Federal Rules of Civil Procedure:

    Rule 26 ……………………………………………………………………………………*passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants seek to stay all discovery. First, no stay should apply to discovery needed to oppose the Defendants' Motion to Dismiss. Second, no stay should apply to Rule 26 mandatory disclosures. Finally, no stay is necessary when efficacious alternatives exist, such as extending the response time for defendants to answer discovery. Opening discovery serves judicial economy better than delaying the discovery process only to then suddenly accelerate discovery response times. As an example, the court could provide Defendants the opportunity to respond to Plaintiff discovery requests unrelated to their dismissal motion or Rule 26 by having twice as long (60 days) rather than 30 days to respond. Given the motions to dismiss will not even conclude the scheduled briefing until September, 2022, in a case commenced against Defendants formally in early 2022, a complete stay on discovery aids neither judicial equity nor economy.

## II. SUMMARY

Defendant Pfizer Inc. ("Pfizer"), joined by Defendants ICON PLC ("Icon") and Ventavia Research Group, LLC ("Ventavia") request a global stay of all discovery for 8 months or more from the commencement of the case, pending this Court's decision on the merits of their motions to dismiss, motions which primarily rely upon extrinsic evidence outside the four corners of the pleadings. What Pfizer wants - a tentative ruling on its motion to dismiss and freezing discovery for over three months - will achieve nothing other than to unnecessarily delay the gathering of evidence required to resolve this dispute between the parties. Defendants' request should be denied as to discovery necessary to oppose Defendants' motions to dismiss and the Rule 26 mandatory disclosures that always facilitate the discovery in the first place. As for other discovery, alternatives to a stay better promote judicial economy.

Additionally, Pfizer's request for a global stay fails on the merits. Pfizer's Motion fails to present two of the three elements required for this Court to determine whether a stay is warranted under the protective order provisions of Rule 26(c). That is because the two factors missing from Pfizer's Motion relate to the burden and breadth of discovery. Yet no party has propounded discovery. Pfizer thus does not, and cannot, meet its burden of showing good cause to issue a protective order under Rule 26(c).

Finally, Pfizer's Motion contends that Relator Brook Jackson ("Jackson") is precluded from suing because it is compelled to ADR under an agreement signed between Pfizer and the Department of Defense. This argument fails because Jackson was not a signatory to said agreement and no authority exists to support that a relator is bound to private contractual provisions by virtue of being a partial assignee of the people's rights in a qui tam action.

### III. ARGUMENT

#### 1. The Law Disfavors Complete Stays Of All Discovery

Defendants demand no discovery occur pending their motions to dismiss. However, "in the Fifth Circuit, staying discovery while a motion to dismiss is pending 'is the exception rather than the rule.'" *Health Choice Grp., LLC v. Bayer Corp.*, No. 5:17CV126-RWS-CMC, 2018 WL 5728515, *2 (E.D. Tex. Apr. 25, 2018) (quoting *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015). A motion to stay discovery is not "permitted merely because a defendant believes it will prevail on its motion to dismiss." *Griffin*, 2015 WL 11019132, at *2.

Three key factors inform the court's discretion as to whether or not to grant a stay on discovery in these circumstances: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Von Drake v. Nat'l Broad. Co.,* No. 3-04-CV-0652R, 2004 WL 1144142 at *1 (N.D. Tex. May 20, 2004) ("*Von

*Drake*") at *1-2; *see also Bowman v. Wells Fargo Bank, N.A. for Park Place Sec., Inc.,* No. 1:13-CV-389, 2014 WL 12791068 (E.D. Tex. Apr. 4, 2014) ("*Bowman*"), and Pfizer's Motion to Stay, pg. 2 [citing *Von Drake* and *Bowman* in support of its request for a stay upon a showing of good cause under Rule 26(c)(1)(A)]. Notably, Defendants fail to meet two of the three threshold tests: showing how the discovery would be unusually burdensome or unduly broad, as no such discovery has even been propounded yet, and the parties agreed to a generous date of late July for Rule 26 disclosures.

Moreover, the two cases of *Bowman* and *Von Drake* cited in Pfizer's Motion to Stay actually support denial of Pfizer's requested relief.

In *Bowman, supra,* 2014 WL 12791068, the defendant filed a motion under Rule 26(c) requesting the same relief as Pfizer: "[T]he Defendants['] … focus is a 'brief stay' of *all* discovery and related deadlines while awaiting the courts' decisions on their Motions to Dismiss." (emphasis original) *Id.*, at *1. The *Bowman* court denied the moving defendant's request to briefly stay discovery, after weighing the three relevant factors under Rule 26(c), including discovery that was already served in that case. *Id.,* at *2. In so holding, the *Bowman* court found that the moving defendants had failed to meet their burden of showing good cause to grant even a "'brief stay'" of all discovery: "[T]he Defendants in the instant case have not been served with copious discovery requests." *Ibid.* Finally, the *Bowman* court clarified that as to the third element of strength of a pending dispositive motion: "While the last factor – the strength of the dispositive motion filed by the party requesting a stay – may weigh in favor of the Defendants, this does not overshadow the fact that the discovery in the instant case is neither excessive nor burdensome." *Id.,* at *2. The very cases Defendants rely upon reject their claim – Defendant must show the discovery sought would be excessively broad and unduly burdensome, and they show neither here, as no discovery has even been sought yet.

In *Von Drake, supra,* 2004 WL 1144142, the plaintiff served massive discovery requests sought to be stayed, specifically: "multiple interrogatories and document requests seeking, inter alia, detailed

information about the 6,000 people …, federal tax returns for the past five years, and copies of felony arrest records …" *Ibid.* The court relied upon its finding that many of the interrogatories and document requests served on defendants are overly broad and harassing" as its basis to issue a stay. *Ibid.* No such discovery exists here, nor will it.

Defendants really seek a speculative-based stay which courts repeatedly reject. The case of *U.S. v. International Business Machines Corp.* 453 F.Supp. 194 (S.D. N.Y. 1977) ("*International Business*") is instructive here as well. In *International Business*, the plaintiff served deposition subpoenas on 24 of the defendant's witnesses. The defendant then moved for a protective order under Rule 26(c), prohibiting the plaintiff from seeking production of documents already produced, and reasking questions already asked, at any of those depositions. The *International Business* court held the moving defendant failed to meet its burden of showing good cause to impose a stay on discovery under the protective order provisions of Rule 26(c) because the burden on discovery contended by the defendant moving for a stay was entirely speculative: "[t]he apprehension of abuse from which defendant seeks protection is merely speculative. Defendant itself points out that 'plaintiff has not yet sought to take any of the depositions …'" *Id.,* at 195.

Pfizer offers nothing to support a finding that a global stay of no less than sixteen weeks and up to a year after commencement of suit is merited by the burden and breadth of discovery sought by Relator Brook Jackson. This is necessarily so for the simple fact that no discovery has been propounded by Jackson, nor any party for that matter, with all parties agreeing to a generous delay to produce Rule 26 mandatory disclosures to the end of July.

Nor do the conclusory contentions made by Pfizer regarding a "needless[] burden [on] important government functions" support a finding of discovery that is unduly burdensome in volume or breadth under Rule 26(c). Motion to Stay, pg. 8. Indeed, like the moving defendant in *International Business, supra,* 453 F.Supp., at 194, the contentions made by Pfizer on their face are entirely speculative as to

what Jackson may or may not propound at some future time: "Absent a stay of discovery, the Government will be subject immediately to extensive document and deposition requests, which will – given the deficiencies in Relator's complaint – needlessly tax many of the federal agencies that are currently focused on fighting a global pandemic." *Ibid.* However, "Defendants' concerns with the potential burden on third-parties do not justify a stay of discovery." *Health Choice Group,* at 3. Needless to say, Pfizer's rather self-serving concern for the burden on the U.S. Government, aside from being irrelevant for purposes of considering Pfizer's Motion to Stay, is entirely speculative regarding discovery that has not even been propounded yet.

### 2. No Stay Should Apply To Discovery Necessary To Oppose A Motion To Dismiss, Nor Should A Stay Apply To Rule 26 Discovery

Defendants' own motions to dismiss require denial of their request to stay discovery as Pfizer's Motion to Dismiss is a thinly disguised summary judgment and arbitration compulsion motion that relies upon factual claims outside the four corners of the complaint. Pfizer claims extrinsic evidence of arbitration clauses, undisclosed agreements with government officials, breaches of sealed filings, amongst other claims, as their primary and principal grounds to dismiss. While the court may deny a motion to dismiss as a premature summary judgment motion, complete response requires the Relator conduct necessary discovery to meaningfully oppose the Defendants' motion to dismiss.

The Motion to Stay argues, as a separate grounds for granting a stay under Rule 26(c), that all of Jackson's claims against Pfizer are subject to contractual dispute resolution arising from an agreement between Pfizer and the U.S. Department of Defense ("DoD"). Motion to Stay, pp. 6-8. The problem with this argument is that Jackson was not a party to this agreement. Nor did Jackson even have knowledge of, much less be a signatory to, said agreement between Pfizer and DoD. Instead, the authority Pfizer cites is inapposite. *United States ex rel. Little v. Shell Expl. & Prod. Co.,* 690 F.3d 282 (5th Cir. 2012) relates to a qui tam relator satisfying Article III standing as a partial assignee of the government's rights. *United States v. Bankers Ins., Inc.,* 245 F.3d 315 (4th Cir. 2001) and *Arcadi U.S.,*

*Inc. v. Stryker Demolition & Env't Servs., LLC,* No. 20-0471, 2021 WL 785138 (W.D. La. Mar. 1, 2021) relate to decisions compelling a government party entity, and not a qui tam relator, to ADR of the dispute. The case of *Quality Infusion Care, Inc. v. Health Care Serv. Corp.,* 628 F.3d 725 (5th Cir. 2010) cited and quoted in Pfizer's Motion to Dismiss, is not even a qui tam case. The language Pfizer cites from *Quality Infusion* merely recites basic assignor/assignee rights in a suit between private parties that doesn't even involve whether the dispute is subject to ADR. Finally, Pfizer's Motion to Dismiss cites language from *United States ex rel. Atkins v. McInteer,* 470 F.3d 1350 (11th Cir. 2006), stating the general principle that a qui tam relator stands in the government's shoes for purposes of adequately pleading a complaint on a motion to dismiss. In sum, not a single decision cited in Pfizer's Motion to Stay and Motion to Dismiss, relates to whether a relator can be compelled to ADR of the dispute, due to an agreement entered into by a government agency in a qui tam action. Finally, even if the agreement between Pfizer and DoD somehow bound Jackson despite not being a signatory to it, Pfizer must move for an order compelling ADR if it wants to have this action heard by an ADR tribunal. Pfizer chooses not to do this. Instead it tries to get this Court to rule on a request to compel ADR without moving to do so.

While nothing filed by Pfizer in this case (including the Motion to Stay, as well as Pfizer's Motion to Dismiss), cites a single authority supporting that a relator is bound to the alternative dispute resolution procedure to which the government entity in a qui tam action may have independently agreed to, discovery related thereto may be helpful in the opposition to the motion to dismiss.

Equally, Relator adhered to this Court's sealing order until such time as this case was unsealed and documents were available to the public. 31 U.S.C. 3730(b)(2) requires that a qui tam case "shall be filed in camera [and] shall remain under seal for at least 60 days" and "does not tie the seal requirement to the right to bring the *qui tam* action." *State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 580 U.S. 39, 137 S. Ct. 436, 196 L. Ed. 2d 340 (2016). An alleged, unfounded violation of a sealing order has no

effect on this case going forward, as this matter is no longer under seal and all relevant filings are publicly available. In addition to the fact that Pfizer has no reasonable reason to believe that any case management orders will be violated going forward, this cannot justify delaying and staying all discovery from Pfizer, Icon, or Ventavia. To the contrary, it suggests all Defendants had a heads up on the claim, and should be well-prepared to commence discovery, not delay it further.

Of note, Pfizer currently already has to produce discovery as an intervening party with the government in pending Freedom of Information Act claims pending in a fellow federal district court in Texas, and likely has already organized much of its documented discovery for that purpose, reducing any redundancy and initial effort in this matter.

Pfizer's Motion to Dismiss, to say nothing of the other Defendants' motions which have yet to be filed, is not "so clearly meritorious and truly case dispositive as to warrant a stay of discovery." *Health Choice Group,* at 3.

### 3. **Alternatives Exist Better Than A Stay Of Discovery**

Alternative remedies better address the complexities and scope of this case. An alternative is to extend the fact discovery time period from six months to 18 months, and provide all parties more time to respond to certain kinds of discovery requests before bringing motions to compel. Given the trial date has been tentatively moved back 12 months, and Defendants do not even yet know what Relator's discovery requests will be, a better and more efficacious remedy would be a longer time period to gather responsive documents to those discovery requests unrelated to the motion to dismiss and unrelated to Rule 26 mandatory disclosures by extending response deadlines for those discovery requests from 30 days under the federal rules to 60 days, or even 90 days, rather than delaying the initial request of such documents. At any rate, no stay should apply to discovery related to the Defendants' Motion to Dismiss, such as discovery that could assist an amended pleading, and any stay should exclude and exempt Rule 26 mandatory disclosures, which already have an agreed-to scheduling date of late July, already

generously accommodating the Defendants' need to conduct a review of Rule 26 relevant documents.

///

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Pfizer's Motion to Stay Discovery.

                         Respectfully submitted,

DATED: May 31, 2022                BARNES LAW

                         /s/ Robert E. Barnes
                         Robert E. Barnes, Esq.
                         Lexis Elizabeth Anderson, Esq.
                         700 S. Flower Street, Suite 1000
                         Los Angeles, CA 90017
                         (310) 510-6211
                         Email: robertbarnes@barneslawllp.com
                         Email: lexisanderson@barneslawllp.com
                         Attorneys for Plaintiff United States of America ex rel. BROOK JACKSON

# CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5. As of this date, all counsel of record has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A). Service was further made on opposing counsel by e-mail as indicated below:

Stacy Lee Brainin
Andrew Wade Guthrie
Taryn McKenzie McDonald
HAYNES & BOONE, LLP – Dallas
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Email: stacy.brainin@haynesboone.com
Email: Andrew.guthrie@haynesboone.com
Email: taryn.mcdonald@haynesboone.com
Attorneys for Defendant Ventavia Research Group, LLC

Carlton Wessel
Andrew J. Hoffman, II
Meagan Dyer Self
DLA PIPER LLP (US) – Washington
500 Eighth Street, NW
Washington, DC 20004
Email: carlton.wessel@us.dlapiper.com
Email: andrew.hoffman@us.dlapiper.com
Email: Meagan.self@dlapiper.com
Attorneys for Defendant Pfizer, Inc.

Tommy Lee Yeates
MOORE LANDREY, LLP
905 Orleans Street
Beaumont, TX 77701
Email: tyeates@moorelandrey.com
Attorneys for Defendant Pfizer, Inc.

///

///

| | |
|---|---|
| 1 | Elai Katz |
| | Peter Linken |
| 2 | Tammy Roy |
| | CAHILL GORDON & REINDEL LLP |
| 3 | 32 Old Slip |
| | New York, NY 10005 |
| 4 | Email: ekatz@cahill.com |
| 5 | Email: plinken@cahill.com |
| | Email: troy@cahill.com |
| 6 | Attorneys for Defendant Icon, PLC |

Elai Katz
Peter Linken
Tammy Roy
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Email: ekatz@cahill.com
Email: plinken@cahill.com
Email: troy@cahill.com
Attorneys for Defendant Icon, PLC

Jennifer Neman Hinds
HUSCH BLACKWELL LLP
300 S. Grand Avenue #1500
Los Angeles, CA 90071
Email: Jennifer.hinds@huschblackwell.com
Attorneys for Defendant Icon, PLC

Scott L Davis
HUSCH BLACKWELL LLP
1900 N Pearl Street, Suite 1800
Dallas, TX 75201
Email: Scott.Davis@huschblackwell.com
Attorneys for Defendant Icon, PLC

Michael Wayne Lockhart
US Attorney's Office – Beaumont
350 Magnolia, Suite 150
Beaumont, TX 77701-2237
Jefferson
Email: michael.lockhart@usdoj.gov

                                                Respectfully submitted,

                                                /s/ Lexis Elizabeth Anderson
                                                Lexis Elizabeth Anderson

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS (Beaumont)

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. BROOK JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> VENTAVIA RESEARCH GROUP, LLC, et al. <br><br> Defendants. | Case No.: 1:21-cv-00008-MJT |

# **ORDER**

Upon consideration of Defendant Pfizer Inc.'s Motion to Stay Discovery and Memorandum in Support (the "Motion"), and any notices of joinder, opposition, and replies thereto:

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT PFIZER'S MOTION TO STAY DISCOVERY