UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON,<br><br>        Plaintiff,<br><br>v.<br><br>VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON, PLC<br><br>        Defendants. | Civil Action No.: 1:21-cv-00008-MJT |

**REPLY IN SUPPORT OF PFIZER'S MOTION TO STAY DISCOVERY**

Defendant Pfizer Inc. ("Pfizer") has moved to stay discovery, (ECF 40), pending resolution of the company's motion to dismiss, (ECF 37).  Plaintiff-Relator Brook Jackson ("Relator") opposes a stay, (ECF 49), and Pfizer acknowledges that stays of discovery are not routinely granted in the Eastern District of Texas.  *See* L. Civ. R. 26(a).  However this case is anything but routine.  It is a sham.  Relator purports to bring this action "in the name of the Government" under the qui tam provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(1).  But her complaint does not plead any false claims on the federal treasury, as it must, nor does she seek to advance the Government's interests.  Quite the contrary.  Relator is abusing the qui tam procedure to advance a personal, anti-vaccination agenda that is impossibly at odds with the Government's efforts to combat a once-in-a-century pandemic.  These unusual circumstances provide good cause for a short stay of discovery until the Court has an opportunity to rule on Pfizer's motion to dismiss.[1]

---

[1] The Court held an initial Case Management Conference on May 27, 2022.  During that Conference, the Court expressed a potential openness to staying discovery in general, with a limited exception for any discovery relevant to Defendants' motions to dismiss.  Pfizer continues to believe, respectfully, that a total stay of discovery would be the better course due to the unique circumstances presented here.  The company appreciates the Court's consideration of this request.

1

Relator's stated goal is to undercut public confidence in Pfizer's COVID-19 vaccine, even though—nearly two years since Relator first shared her concerns with the Government—the U.S. Food & Drug Administration ("FDA") continues to have "full confidence" in the vaccine's efficacy and safety; the U.S. Centers for Disease Control and Prevention ("CDC") continues to recommend the vaccine as a "preferred" option for preventing COVID-19; the U.S. Department of Defense ("DoD") continues to purchase the vaccine and provide it to Americans free of charge; and the U.S. Department of Justice ("DOJ") has declined to intervene in this lawsuit after investigating Relator's claims. (*See* ECF 37 at 1, 3-4.) The United States has thus conveyed unmistakably that there was no fraud here, and Relator's so-called "qui tam" case is baseless.

And yet she persists, disparaging the Government and the vaccine every step of the way. For example, during a recent podcast appearance, Relator accused FDA of being "captured" by the pharmaceutical industry and "complicit" in the "fraud" alleged in her complaint.[2] She also stated that while she nominally "brought this case on behalf of the U.S. Government," she is, in reality, "fighting *against* the United States Government."[3] Her Twitter profile (@iambrookjackson) includes many similar statements. On May 30, Relator tweeted, "Pfizer recently called me anti-government and an anti-vaxxer w/an agenda. When it comes to this you're damn right!" (Exhibit A.) On May 31, Relator tweeted there is "zero rationale for keeping [Pfizer's vaccine] on the market" because, in her view, this FDA-approved product is "defective and harmful," despite all of the scientific evidence to the contrary. (Exhibit B.) That same day, Relator "re-tweeted" a message from her attorney (@barnes_law) who suggested falsely—and shamelessly—in the aftermath of the elementary school shooting in Uvalde, Texas that COVID-

---

[2] Coffee and A Mike, *Brook Jackson #422*, at 10:10-10:49 (May 26, 2022) (available on Apple Podcasts).

[3] *Id*. at 14:00-14:15.

19 vaccines kill far more people annually than assault rifles do. (Exhibit C.) And on June 2, Relator tweeted the following about FDA and CDC, among other agencies: "'[T]ake them down to the very studs and fumigate them, fire all top level people . . . and run them out of dodge.'" (Exhibit D.)

Needless to say, anyone who would disseminate these messages is not working on the Government's behalf, nor is she a proper qui tam plaintiff. As noted in Pfizer's motion to dismiss, "Congress enacted the FCA to vindicate fraud on the federal government, not second guess decisions made by those empowered through the democratic process to shape public policy." *United States ex rel. Harman v. Trinity Indus., Inc.,* 872 F.3d 645, 668-69 (5th Cir. 2017). And here Relator does not merely "second guess" the Government's decisions concerning Pfizer's vaccine; she attempts to impose her personal, anti-vaccination beliefs on the expert agencies that Congress has entrusted with protecting public health. The FCA does not empower would-be relators like Ms. Jackson to promulgate false and dangerous views about federal regulatory action, especially concerning a vaccine that is saving lives. For this reason, and many others, her complaint is deeply flawed and should not survive Pfizer's pending motion to dismiss.

District courts have "broad discretion" and "inherent power" to stay discovery where, as here, a motion to dismiss raises "preliminary questions that may dispose of the case." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). One of the key, non-exhaustive factors courts consider when weighing a motion to stay is "the strength of the dispositive motion filed by the party seeking a stay." *Von Drake v. Nat'l Broad. Co., Inc.*, No. 04-0652, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). Relator acknowledges as much in her opposition brief, (ECF 49 at 2), but then makes no effort to contest Pfizer's primary arguments for dismissal—namely, that her complaint fails to plead the essential "falsity" and "materiality" elements of an FCA cause of action. (*See*

3

ECF 37 at 20-27.)  Nor does Relator explain how her goals are somehow consonant with the Government's views.  Her silence tells the Court everything it needs to know.

Rather than address the core of Pfizer's 12(b)(6) motion, Relator urges the Court to refuse a stay because "no discovery has been propounded by Jackson" and, therefore, a stay cannot be "merited by the burden and breadth of discovery" in this case. (ECF 49 at 4.)  This response—a weak attempt to hide the ball—is unpersuasive.  As the Court recognized at the recent Case Management Conference, if this case goes forward, it is clear discovery will be exceptionally burdensome, not only for the parties, but for the Government too.  It was for this reason the Court said it may extend the trial date in this matter well into 2024.  Relator's lack of diligence in propounding discovery changes nothing.  The Court should issue a stay to avoid the potential for wasted resources on burdensome discovery not warranted by Relator's bogus complaint.

Two other statements in Relator's opposition brief merit a response:

*First*, Relator asserts that immediate discovery "may be helpful in [her] opposition to [Pfizer's] motion to dismiss" because discovery may reveal "whether a relator can be compelled to ADR of the dispute, due to an agreement entered into by a [G]overnment agency in a qui tam action." (ECF 49 at 6.)  Relator is mistaken.  As a threshold matter, Pfizer is not seeking to compel Relator to participate in ADR.  After all, she is not a signatory to the relevant contract between DoD and Pfizer.  The company has instead argued for dismissal of Relator's lawsuit because, as a qui tam plaintiff, she only has standing to sue as a "partial assignee" of the Government's damages claim.  (*See* ECF 37 at 27-28.)  It is black letter law that an assignee can only maintain an action if the assignor could have as well. (*See* ECF 37 at 28.)  But here the Government cannot pursue an FCA action relating to Pfizer's vaccine unless the Government first pursues the claim in an administrative setting.  (*See* ECF 37 at 28-29.)  That has not happened.  For this reason, Relator's

4

claims against Pfizer are subject to an unsatisfied condition precedent and the Court should dismiss them.  Regardless, whether the claims in this action are subject to ADR is a legal question.  Fact discovery will shed no light on this issue.

*Second*, and finally, Relator asserts that she "adhered to this Court's sealing order until such time as this case was unsealed" and "Pfizer has no reasonable reason [sic] to believe that any case management orders will be violated going forward."  (ECF 49 at 6-7.)  These statements are false.  Relator first tweeted the caption page from her pending qui tam complaint on January 17, 2022.  (Exhibit E.)  That same day she tweeted verbatim content from her complaint summarizing its core allegations and legal theories.  (Exhibit F.)  The Court unsealed this action three weeks later, on February 10, 2022.  (ECF 16.)  And Relator, along with her counsel, continue to disregard the Court's instructions.  For example, the Court advised the parties that the recent Case Management Conference was "off the record."  Despite this warning, Relator's counsel sent the following false and misleading tweet only five minutes after the Conference ended: "Pfizer's counsel's claim in court: Even if Pfizer made false statements about vaccine, it doesn't matter because Feds would have given Pfizer $2Billion anyway!"  (Exhibit G.)  At last check, Mr. Barnes's tweet, which completely mischaracterizes comments from Pfizer's counsel, had been "liked" more than 3500 times and "re-tweeted" more than 1500 times.  One of those re-tweets was from Relator herself, (Exhibit H), who separately tweeted that the Court "wants to allow us at least the discovery we need to oppose the motion to dismiss, and maybe a bit more, and is open to the possibility the case goes to trial. . . . We move on, people!  YES!!"  (Exhibit I.)

In light of this immediate disregard of the Court's directions, Pfizer has ample reason to question whether Relator and her counsel will abide this Court's case management orders.

For all of these reasons, Pfizer urges the Court to enter a short stay of discovery.

Date: June 7, 2022                                   Respectfully Submitted,

*/s/  Carlton E. Wessel*
Carlton E. Wessel (admitted *pro hac vice*)
DLA Piper US LLP
500 Eighth Street, NW
Washington, DC 20004
Telephone:  (202) 799-4000
Email:  Carlton.Wessel@us.dlapiper.com

Andrew J. Hoffman II (admitted *pro hac vice*)
DLA Piper US LLP
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Telephone:  (310) 595-3010
Email:  Andrew.Hoffman@us.dlapiper.com

Meagan D. Self
DLA Piper US LLP
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 743-4556
Email:  Meagan.Self@us.dlapiper.com
*Counsel for Defendant Pfizer Inc.*

Tommy L. Yeates
Moore Landrey, LLP
905 Orleans Street
Beaumont, Texas 77701
Telephone:  (409) 835-3891
Email:  tyeates@moorelandrey.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 7, 2022 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system in accordance with this Court's Local Rules.

                                                                /s/  Carlton E. Wessel
                                                               Carlton E. Wessel