UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON PLC<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No.: 1:21-cv-00008-MJT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ICON PLC'S REPLY IN FURTHER SUPPORT OF THE MOTION TO STAY DISCOVERY FILED BY PFIZER INC.

Defendant ICON plc ("ICON") joined Defendant Pfizer Inc.'s ("Pfizer") motion to stay discovery [ECF No. 40] ("Pfizer's Motion") on May 18, 2022 [ECF No. 44] ("ICON's Joinder Motion"), pending resolution of ICON's Motion to Dismiss Relator's Amended Complaint [ECF No. 51] ("ICON's MTD"), which was filed on June 6, 2022.  ICON files this brief in further support of its Joinder Motion to stay discovery and to respond to arguments raised in Plaintiff-Relator Brook Jackson's ("Plaintiff" or "Relator") opposition to the stay [ECF No. 49] ("Relator's Opposition").

While ICON's MTD had not yet been filed at the time, ICON's Joinder Motion previewed for the Court the many severe deficiencies in the Amended Complaint.  ICON's MTD, filed yesterday, thoroughly demonstrated the fundamental weakness of Relator's allegations against it.  The Amended Complaint's sparse allegations against ICON come across as an afterthought, and the few allegations that do exist against ICON are all generalized, conclusory, or speculative.  Many of the allegations are contradicted elsewhere in the pleadings and exhibits, while much of the Amended Complaint actually asserts that alleged misconduct

was ***actively hidden from*** ICON.  Plaintiff's allegations are, if anything, textbook examples of the type of pleading that cannot survive the heightened pleading standard of Rule 9(b), which is applied to False Claims Act ("FCA") claims in the Fifth Circuit "with bite and without apology." *United States ex rel. Porter* v. *Magnolia Health Plan, Inc.*, 810 Fed. Appx. 237, 240 (5th Cir. 2020).

ICON is accused of ignoring "red flags" of falsified data, but without specific details about the red flags or the falsified data.  The Amended Complaint asserts that alleged violations would have "be[en] obvious from the source documents" that ICON ignored, but without explaining how the violations actually would have been obvious.  The exhibits attached to the Amended Complaint are particularly illustrative of the weakness of Relator's allegations.  ICON is only mentioned in three of the 29 separate exhibits.  In each of these three, ICON personnel are not shown ignoring instances of missing information or potential protocol violations (as alleged), but instead actively following up and working with Ventavia personnel to correct them. *See United States ex rel. Riley* v. *St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) ("If an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.").  And the Amended Complaint is rife with impermissible baseless speculation, including at one point claiming that Relator's alleged experiences at two of the Pfizer landmark study's 153 testing sites, representing fewer than 1,000 of the study's 44,000 participants, for less than three weeks before she left, somehow calls the ***entire*** study into question.  *See generally* ICON's MTD at Part I.

Rule 9(b) exists to "prevent plaintiffs from filing baseless claims then attempting to discover unknown wrongs." *United States ex rel. Grubbs* v. *Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009).  The Rule "has long played [a] screening function, standing as a gatekeeper to

discovery, a tool to weed out meritless fraud claims sooner than later." *Id.* at 185. Relator's Opposition, which does not respond to any of the arguments raised by ICON, does not dispute that this gatekeeping function is one of the primary purposes of Rule 9(b). Subjecting ICON to the heavy burden of discovery—including what may potentially be cross-border discovery, because ICON is headquartered in Europe—based on these threadbare and unambiguously deficient allegations would plainly contradict Rule 9(b)'s purpose. Courts faced with similarly clear failures to satisfy Rule 9(b)'s pleading standard have chosen to stay discovery.[1] *See, e.g.*, *United States ex rel. Liotine* v. *CDW-Government, Inc.*, 2009 WL 720958, at *1, 3 (S.D. Ill. Mar. 18, 2009); *United States ex rel. Lusby* v. *Rolls-Royce Corp.*, 2007 WL 4557773, at *8 (S.D. Ind. Dec. 20, 2007). ICON respectfully requests that this Court do the same, and stay discovery pending an opportunity for this Court to determine the adequacy of the Amended Complaint.

---

[1] The Court should similarly reject Relator's proposed "alternative" to a stay, which would extend the fact discovery time period from six to 18 months, but otherwise allow the discovery process to go forward and permit "discovery related to the Defendants' Motion to Dismiss, such as discovery that could assist an amended pleading." Relator's Opp. at 7-8. Such an approach would be unworkable and unnecessary, and would still contradict the purpose of Rule 9(b), especially as Relator concedes that she will still seek "discovery that could assist an amended pleading" during this time. *See, e.g.*, *United States ex rel. Schutte* v. *Supervalu, Inc.*, 2016 WL 3906570, at *1 (C.D. Ill. Jul. 14, 2016) (explaining that the "purpose of [Rule 9(b)] would be frustrated by allowing a relator to make vague claims of fraud, and then permitting him to engage in discovery in the hope of uncovering enough specifics to adequately plead a case") (quotations and citations omitted).

Date: June 7, 2022

Respectfully Submitted,

*/s/ Scott L. Davis*
Scott L. Davis
Texas Bar No. 05547030
HUSCH BLACKWELL, LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 999-6184
Email: scott.davis@huschblackwell.com

Jennifer Neiman Hinds (admitted *pro hac vice*)
Texas Bar No. 24120441
HUSCH BLACKWELL, LLP
300 S. Grand Avenue, #1500
Los Angeles, CA 90071
Telephone: (213) 337-6567
Email: jennifer.hinds@huschblackwell.com

Elai Katz (admitted *pro hac vice*)
Tammy Roy (admitted *pro hac vice*)
Peter J. Linken (admitted *pro hac vice*)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3720
Email: ekatz@cahill.com
Email: troy@cahill.com
Email: plinken@cahill.com

*Counsel for ICON plc*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system in accordance with this Court's Local Rules.

*/s/ Scott L. Davis*
Scott L. Davis