UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON, PLC <br><br> Defendants. | Civil Action No.: 1:21-cv-00008-MJT |

**PFIZER'S MOTION TO CONTINUE DISCOVERY DEADLINES
AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Pfizer Inc. ("Pfizer" or the "Company") hereby moves to continue the discovery deadlines that the Court set previously in this case. On May 17, 2022, Pfizer moved to stay discovery pending resolution of the motion to dismiss that Pfizer filed approximately one month earlier. (ECF 40.) Pfizer's co-defendants, Ventavia and ICON, joined Pfizer's motion to stay prior to filing their own motions to dismiss. (ECF 42, 44.) Then, during a Case Management Conference on May 27, 2022, the Court solicited the views of all parties as to whether discovery should be stayed. The Court ultimately continued discovery deadlines on June 9, 2022. (ECF 58.) At that time, the Court entered a Scheduling Order that deferred the start of discovery until December 1, 2022. (The Court later extended this deadline to December 15, 2022.) By doing so, the Court created a three-month window to give the Court adequate time to decide Defendants' motions to dismiss before discovery commenced. The briefing on the motions to dismiss has taken longer than anticipated. Most notably, the U.S. Department of Justice ("DOJ") recently took the unusual step of filing a Statement of Interest Supporting Dismissal of the Amended Complaint.

1

(ECF 70, Oct. 4, 2022.)  And Plaintiff-Relator Brook Jackson ("Relator") recently filed a Response to the Government's Statement of Interest.  (ECF 75, Oct. 27, 2022.)  The motions to dismiss are now fully briefed, but they remain undecided with discovery set to begin in a few short weeks.

Because of the unanticipated delay in briefing Defendants' motions to dismiss, Pfizer respectfully moves for a three-month continuance of the start of discovery in this case.  Pfizer is seeking this relief to ensure the Court has ample time to resolve Defendants' motions to dismiss before the parties begin needless, burdensome discovery.  In other words, Pfizer is asking the Court to preserve the status quo; the requested extension would be consistent with the Court's initial Scheduling Order, which deferred discovery while the Court considers whether to dismiss the Amended Complaint.

## PROCEDURAL BACKGROUND

Relator brought this lawsuit under the *qui tam* provision of the False Claims Act ("FCA").  Relator filed her original complaint, under seal, on January 8, 2021.  (ECF 1.)  DOJ declined to intervene in this action almost one year later, and the Court unsealed the case on February 10, 2022.  (ECF 13, 16.)  About two weeks later, Relator filed an Amended Complaint, which is virtually identical to her original one.  (ECF 17.)  Pfizer moved to dismiss the Amended Complaint on April 22, 2022.  (ECF 37.)  Ventavia and ICON filed their own motions to dismiss as well. (ECF 50, 51.)  Relator filed her brief in opposition to the motions to dismiss on August 22, 2022 and Defendants each filed a reply brief supporting dismissal on September 20, 2022.  (ECF 65, 67, 68, 69.)  As it turns out, these were not the final briefs commenting on the motions to dismiss.  That is because DOJ filed its Statement of Interest on October 4, 2022.  (ECF 70.)  Stated simply, the Government's brief acknowledges there was no fraud here.  (ECF 70 at 9–12.).  Relator brings

her case "for the United States Government," 31 U.S.C. § 3730(b)(1), but in DOJ's Statement of Interest, the Government concedes this case should be dismissed.

## LEGAL STANDARD

The Fifth Circuit has held that a "district court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). An order continuing discovery deadlines is appropriate upon a showing of good cause. *Id.*; *see also* Fed. R. Civ. P. 16(b)(4) & 26(c)(1)(A). In determining whether good cause exists to postpone discovery, courts assess (1) the strength of the dispositive motion filed by the party seeking a continuance, (2) the breadth of discovery sought, and (3) the burden of responding to such discovery. *Bowman v. Wells Fargo Bank, N.A. for Park Place Sec., Inc.*, No. 1:13-CV-389, 2014 WL 12791068, at *1 (E.D. Tex. Apr. 4, 2014); *see also Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (granting stay of discovery because "a cursory review of the motion [to dismiss] reveals that defendants have substantial arguments for dismissal of many, if not all, of plaintiff's claims").

Good cause exists to continue discovery deadlines when "resolving a motion to dismiss might reduce or preclude the need for discovery" or when "'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'" *Whittington v. Mobiloil Fed. Credit Union*, No. 1:16-cv-482, 2018 WL 4278503, at *1 (E.D. Tex. Apr. 5, 2018) (quoting *Fujita*, 416 F. App'x at 402); *see also Vanderlan v. Jackson HMA, LLC*, No. 15-767-DPJ-KFB, 2017 WL 9360854, at *1 (S.D. Miss. Dec. 22, 2017) (finding good cause to continue discovery in an FCA case where the continuance "would potentially prevent a significant, unnecessary expenditure of resources by the parties" and because "[t]he Court [did] not anticipate

that the stay of discovery [would] be lengthy, as it [would] only be in effect until the Court rule[d] on the pending motion to dismiss").

## ARGUMENT

An additional three-month adjournment of discovery is appropriate here. In Pfizer's previous motion seeking a stay of discovery back in May, the Company set forth the reasons why the Amended Complaint is subject to dismissal, including (among others) that it fails to plead the essential falsity and materiality elements of an FCA violation. (ECF 40 at 3–5.) Pfizer's earlier stay motion also described the extent of discovery that would be required in a case like this, including from the Government itself. (ECF 40 at 8.) This discovery would be exceptionally burdensome and, because the Amended Complaint fails to satisfy federal pleading standards, discovery would also be wasteful and unnecessary. The Court appeared to credit these points earlier this year when it postponed the commencement of discovery until December. (ECF 58.)

There is no reason for the Court to change course now. Instead, DOJ's Statement of Interest provides a compelling new reason to postpone discovery a bit longer. Even though the Government is the real party in interest here, DOJ has gone on record to reject Relator's allegations as "implausible" and unworthy of the Court's time. (ECF 70 at 11–12.) It would make little sense to launch full-blown discovery at this point when the Government, on whose behalf Relator brought suit, wants nothing to do with her case and, as DOJ acknowledges, the case should be dismissed.

## CONCLUSION

For all of these reasons, good cause exists for the Court to postpone the start of discovery in this case until March 15, 2023 or another appropriate date of the Court's choosing. A proposed Amended Scheduling Order granting this relief is attached to this Memorandum.

Date: November 22, 2022          Respectfully Submitted,

*/s/ Carlton E. Wessel*
Carlton E. Wessel (admitted *pro hac vice*)
DLA PIPER US LLP
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Email: Carlton.Wessel@us.dlapiper.com

Andrew J. Hoffman II (admitted *pro hac vice*)
DLA PIPER US LLP
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Telephone: (310) 595-3010
Email: Andrew.Hoffman@us.dlapiper.com

Meagan D. Self
DLA PIPER US LLP
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4556
Email: Meagan.Self@us.dlapiper.com

Jack P. Carroll
ORGAIN, BELL & TUCKER, LLP
470 Orleans Street, 4th Floor
Beaumont, Texas 77701
Telephone: (409) 838-6412
Email: jpc@obt.com

*Counsel for Defendant Pfizer Inc.*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), I hereby certify that on November 22, 2022, I conferred with Defendants' and Relator's counsel regarding Pfizer's Motion to Continue Discovery Deadlines. Relator's counsel confirmed Relator opposes this Motion. Defendants Ventavia and ICON support this Motion.

*/s/ Meagan D. Self*
Meagan D. Self

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2022 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system in accordance with this Court's Local Rules.

*/s/ Meagan D. Self*
Meagan D. Self