## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel*. BROOK JACKSON, | ) | Case No.: 1:21-CV-00008-MJT |
| | ) | |
| Relator, | ) | |
| | ) | |
| vs. | ) | RELATOR BROOK JACKSON'S |
| | ) | OPPOSITION TO PFIZER'S |
| VENTAVIA RESEARCH GROUP, LLC, | ) | MOTION TO CONTINUE |
| *et al*. | ) | DISCOVERY DEADLINES |
| | ) | |
| Respondents. | ) | |

Relator Brook Jackson, through undersigned counsel, herein opposes Pfizer Inc.'s ("Pfizer") motion to continue discovery deadlines, Doc. 78. Under Local Rule CV-26 and Federal Rule of Civil Procedure 26, the presumption is that discovery shall move forward notwithstanding a motion to dismiss. A discovery stay pending a decision on a dispositive motion is the exception, not the rule.

## INTRODUCTION

Pfizer originally requested a stay of discovery "pending resolution of the motion to dismiss," but the Court did not grant Pfizer's request. See Doc. 40, PageID 1498. The Court granted Pfizer's motion in part and set a discovery schedule beginning with a due date of December 1, 2022 for initial disclosures and rolling document production. See Doc. 58, PageID 1931. Pfizer suggests a further continuance of discovery will "preserve the status quo" and urges "[t]here is no reason for the Court to change course now," but the Scheduling Order is the status quo and any amendment to it would be a change of course. See Doc 78, PageID 2082, 2084. Pfizer's request rests only on is its pending motion to dismiss, which is far short of showing good cause for any further continuance.

## ARGUMENT

Local Rule CV-26(a), titled "No excuses," provides "a party is not excused from responding to discovery because there are pending motions to dismiss...." In the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule." *Health Choice Grp., LLC v. Bayer Corp., No*. 5:17CV126-RWS-CMC, 2018 WL 5728515, at *2 (E.D. Tex. Apr. 25, 2018), citing *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015); see also *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-CV-0774-L, 2008 WL 2930482 at *1 (N.D. Tex. July 23, 2008) (Kaplan, J.). A motion to stay discovery is not "automatically granted whenever a motion to dismiss is pending." *Griffin*, supra; see also *Stanissis v. Dyncorp. Intern. LLC*, 3:14-CV-2736-D, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014). "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss." *Griffin*, supra. "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017); see also *Glazer's*, supra.

An order staying discovery should only be issued upon showing "good cause" by the movant. *Griffin*, 2015 WL 11019132, at *2; see FED. R. CIV. P. 26(c). Pfizer's stated reason for a further delay of discovery is that it believes it will prevail on its motion to dismiss. While Pfizer cites several cases reciting the test to determine when discovery may properly be stayed, the sole case it relies upon as an example of the exception in practice is *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142 (N.D. Tex. May 20, 2004). This comparison was unsuccessfully attempted by two of the Defendants in *Griffin*, supra, and the court offered these illustrative facts explaining why discovery was sated in *Von Drake*:

2

> Walgreens and American Zurich cite to *Von Drake* in support of their requests for a stay. That case involved a pro se plaintiff who accused NBC and others of race discrimination for failing to select him as a finalist for a singing competition. *Von Drake*, 2004 WL 1144142 at *1. The court noted that the pro se plaintiff had served discovery seeking information about the 6,000 people who applied for the singing competition, federal tax returns for five years, and copies of felony arrest records for certain individuals. In addition to finding that the defendants had the substantial arguments for dismissal, the court found that many of the discovery requests were overly broad and harassing. *Id.* at *2. The court also noted that the plaintiff was a frequent filer of lawsuits who had been chastised for "attempting to make a mockery of the federal system." *Id.* at n. 2.
>
> Unlike in *Von Drake*, the defendants in this case do not present evidence regarding the breadth of any discovery that is being sought or the burden of responding to that discovery, or any abusive litigation tactics by the plaintiff. As noted in *Stanissis*, district courts often afford plaintiffs an opportunity to cure pleading deficiencies before dismissing a case. 2014 WL 7183942, at *1. Because a stay of discovery is the "exception rather than the rule," Walgreens and American Zurich have not shown good cause to stay all discovery pending resolution of their motions to dismiss.

*Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2015 WL 11019132, at *3 (N.D. Tex. Mar. 18, 2015).

Here, much like two of the defendants in *Griffin*, Pfizer has presented no evidence of the alleged undue burden that initial disclosures and document production may impose. No burden has been imposed since discovery requests have not yet been issued, nor initial disclosures made. There is no pending burden to speak of, only a pending motion to dismiss, which as the *Griffin* court stated is not a reason to stay discovery. See *Griffin*, supra, at *2 (stating, "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss."). Further, Pfizer may not receive a qualified immunity defense, and thus Pfizer cannot compare itself to the "State Defendants" which in *Griffin* were granted a stay of discovery pending resolution of the qualified immunity question. Pfizer has failed to meet its burden to have the exception applied here.

3

## CONCLUSION

For these reasons, and to preserve the status quo, this Court should deny Respondent's motion to continue discovery deadlines, and this case should proceed to initial disclosures and rolling document production as scheduled.

Respectfully Submitted,

/s/ Warner Mendenhall
Warner Mendenhall (Ohio Bar No. 0070165)
MENDENHALL LAW GROUP
190 North Union St., Suite 201
Akron, OH 44304
330.535.9160; f 330.762.9743
Email: warner@warnermendenhall.com

Robert E. Barnes, Esq. (CA Bar No. 235919)
Lexis Anderson, Esq. (TX Bar No. 24127016)
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (310) 510-6211
Facsimile: (310) 510-6225
Email: robertbarnes@barneslawllp.com

*Attorneys for Relator*

## CERTIFICATE OF SERVICE

A copy of the foregoing has been sent by the Court's Electronic Filing System to all parties of record on 11-29-2022.

/s/ Warner Mendenhall
Warner Mendenhall (Ohio Bar No. 0070165)