**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON, PLC <br><br> Defendants. | Civil Action No.: 1:21-cv-00008-MJT |

**REPLY IN SUPPORT OF MOTION TO CONTINUE DISCOVERY DEADLINES**

Defendant Pfizer Inc. ("Pfizer") has moved for a short postponement of discovery, which will otherwise begin in two weeks. (ECF 78.) The Court has "broad discretion" to grant this relief upon a showing of good cause. (ECF 78 at 3.) And, as Pfizer explained in its moving brief, there are compelling reasons for a short continuance here. (ECF 78 at 4.) Those reasons include that a continuance would preserve the status quo established by the Court's initial scheduling order, which created a three-month window to give the Court adequate time to decide Defendants' motions to dismiss before discovery commenced. (ECF 58.) Exceptional events have transpired during that three-month period, and they provide additional grounds for deferring discovery a bit longer. Specifically, the U.S. Government—the real plaintiff in this *qui tam* action—filed a Statement of Interest Supporting Dismissal of the Amended Complaint. (ECF 70.) The Government's brief urges the Court to dismiss this lawsuit because it fails to identify any "false or misleading" claims, its allegations are "implausible," and the Government continues to have "full confidence" in Pfizer's COVID-19 vaccine. (ECF 70 at 6, 11–12.) It would make little sense to launch discovery now, especially when the Government agrees the allegations here are meritless.

1

Plaintiff-Relator Brook Jackson ("Relator") opposes any change to the discovery schedule. (ECF 80.) Her opposition brief does nothing more than recycle arguments the Court rejected back in June, when it declined Relator's earlier request to start discovery immediately. (ECF 49.) At the time, Relator argued that pausing discovery pending the resolution of a motion to dismiss "is the exception rather than the rule," and she claimed Pfizer was seeking to delay discovery "merely because defendant believes it will prevail on its motion to dismiss." (ECF 49 at 2–5.) Relator repeats these talking points in her latest brief, (ECF 80 at 1–3), but she is mistaken. Pfizer is not asking to defer discovery simply based on the Company's belief in the strength of its 12(b)(6) motion. Rather, Pfizer seeks a continuance to maintain the status quo and avoid the potential for extensive, burdensome discovery concerning allegations the Government itself views as a waste of time. (ECF 78 at 4.) Relator purports to bring this *qui tam* action "for the United States Government," which would receive the lion's share of any recovery, 31 U.S.C. §§ 3730(b)(1) & (d)(2), and yet she fails to even mention the Government's recent submission regarding her "implausible" lawsuit. (ECF 70 at 11.) To the best of Pfizer's knowledge, the Government's submission is one-of-a-kind; never before has the United States filed a Statement of Interest seeking outright dismissal of a *qui tam* complaint. Relator ignores this important development, but it is an "exceptional" circumstance that supports a departure from the general "rule" concerning discovery while motions to dismiss are pending.

Relator's opposition brief attempts to distinguish this case from previous ones in which a district court elected to postpone discovery until it decided a motion to dismiss. (ECF 80 at 2–3.) In doing so, Relator acknowledges that postponements of discovery are appropriate when "abusive litigation tactics by the plaintiff" have the potential to "make a mockery of the federal system." (ECF 80 at 3.) That shoe certainly fits here. As Pfizer noted previously, Relator is abusing the

*qui tam* procedure to advance a personal, anti-vaccination agenda that is impossibly at odds with the Government's policies and programs.  (ECF 37 at 4–5; ECF 52 at 1–3; ECF 67 at 1–2.)  And she has repeatedly cast aspersions on the federal judiciary along the way.  The Court may recall that, following a Case Management Conference on May 27, 2022, Relator mischaracterized the proceedings by stating, on Twitter, that the Court was "open to the possibility the case goes to trial" and "recognized the power gap" between Relator and her opponents.  (ECF 52-1, Ex. I.)  Upon learning about this inaccurate tweet, the Court set a Status Conference for June 9, 2022, during which the Court cautioned Relator's counsel about unfounded public statements questioning the Court's impartiality.

It would appear these warnings had little impact as Relator continues to discredit the Court on her social media accounts, which have amassed more than 100,000 followers.  By way of example, Relator tweeted on October 18, 2022 that "Pfizer's fraud case is being decided at this very moment!" and she linked to a blog post entitled, "Please Pray For U.S. District Court Judge Michael J. Truncale."  (Exhibit A.)  That blog post asserts "globalist forces are undoubtedly focusing a great deal of effort to cloud Judge Truncale's understanding, weaken his discernment and will, and corrupt his soul right now."  (Exhibit B.)  On November 23, 2022, Relator tweeted, "[s]o far, not so good" when assessing the Court's performance in this litigation.  (Exhibit C.)  On November 26, 2022, Relator tweeted that she "pray[s] [the judge] abides by the oath he took."  (Exhibit D.)  Relator then suggested the judicial law clerks working this matter might be biased, tweeting to her followers, "Know anything about his clerks?  I worry about those two."  *Id*.  And on November 28, 2022, Relator tweeted, "Once upon a time, a judge in Texas ruled that the biggest False Claims Act case in American history would move forward to discovery.  What happened next is just SAD."  (Exhibit E.)  This tweet includes video footage of her lawyer criticizing the

3

Court harshly for "lecturing him" about Relator's tweets, disregarding the "First Amendment," and "believ[ing] the duty of a lawyer is to make . . . judges look good."[1]

These were not the only public statements from Relator's counsel that question the Court's impartiality. More recently, Relator's counsel has (1) described the Court's initial decision to defer discovery as a "total wuss move by the judge;" (2) alleged the Court was "influenced by Pfizer;" and (3) suggested the Court may have an improper "personal relationship" with the "local U.S. Attorney that's on the case."[2] Relator's counsel has made highly similar statements in other public appearances as well.[3] Through these public statements, Relator and her counsel are attempting to "make a mockery of the federal system" without any factual basis. Their conduct provides ample grounds for a continuance of discovery until the Court has an opportunity to decide Defendants' pending motions to dismiss.

For all of these reasons, good cause exists for the Court to postpone the start of discovery until March 15, 2023 or another appropriate date of the Court's choosing.

---

[1] Viva CLIPS!, June 14, 2022, https://www.youtube.com/watch?v=Qj5egZCcqZo.

[2] Viva Frei, Episode 132, Oct. 9, 2022, https://rumble.com/v1n8bla-ep.-132-rekieta-v.-youtube-trump-raid-parody-to-scotus-hunter-biden-and-mor.html?mref=71v3&mc=bp3oa.

[3] Conservative Review Podcast, Oct. 17, 2022, https://podcasts.apple.com/us/podcast/alex-jones-trial-pfizer-fraud-trial-and-a-corrupt/id1065050908?i=1000582910947.

Date: December 1, 2022                    Respectfully Submitted,

*/s/ Carlton E. Wessel*
Carlton E. Wessel (admitted *pro hac vice*)
DLA PIPER US LLP
500 Eighth Street, NW
Washington, DC 20004
Telephone:  (202) 799-4000
Email:  Carlton.Wessel@us.dlapiper.com

Andrew J. Hoffman II (admitted *pro hac vice*)
DLA PIPER US LLP
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Telephone:  (310) 595-3010
Email:  Andrew.Hoffman@us.dlapiper.com

Meagan D. Self
DLA PIPER US LLP
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 743-4556
Email:  Meagan.Self@us.dlapiper.com

Jack P. Carroll
ORGAIN, BELL & TUCKER, LLP
470 Orleans Street, 4th Floor
Beaumont, Texas 77701
Telephone:  (409) 838-6412
Email:  jpc@obt.com

*Counsel for Defendant Pfizer Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2022 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system in accordance with this Court's Local Rules.

*/s/ Meagan D. Self*
Meagan D. Self
