UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON,<br><br>　　Plaintiff,<br><br>v.<br><br>VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON PLC<br><br>　　Defendants. | Civil Action No.: 1:21-cv-00008-MJT |

### ICON PLC'S NOTICE OF JOINDER IN
### PFIZER'S MOTION TO CONTINUE DISCOVERY DEADLINES

Under Federal Rule of Civil Procedure 10(c), ICON plc ("ICON") hereby joins in and adopts by reference Pfizer's Motion to Continue Discovery Deadlines (ECF No. 78) ("Pfizer's Motion"). As discussed further in Pfizer's Motion, the discovery deadlines should be continued because, *inter alia*, briefing on Defendants' motions to dismiss took longer than was originally anticipated when the Court set the discovery deadlines. Further, as ICON has previously stated, the Court should stay discovery as Relator falls far short of pleading any viable claims with sufficient particularity. (ECF No. 44). As briefing on ICON's motion to dismiss has now confirmed (ECF Nos. 51, 69), Relator's few allegations against ICON come nowhere close to satisfying the heightened pleading standard imposed by Federal Rule of Civil Procedure Rule 9(b). Allowing discovery based on these threadbare and unambiguously deficient allegations would defeat Rule 9(b)'s gatekeeping purpose. In a typical case, a qui tam relator is rewarded for having particularized knowledge of an alleged fraud against the government. Here, Relator makes only vague and speculative assertions based on employment lasting less than two weeks. She should not be permitted to burden the parties and government

with discovery unless the court finds the pleadings sufficient to state a claim. *See, e.g.*, *United States ex rel. Liotine* v. *CDW-Government, Inc.*, 2009 WL 720958, at *1, 3 (S.D. Ill. Mar. 18, 2009) (granting a stay of discovery in an FCA action where a motion to dismiss for failure to plead with particularity was pending, because the "purpose of the heightened pleading requirement . . . is frustrated by allowing a relator to make vague claims of fraud, and then permitting him to engage in discovery in the hope of uncovering enough specifics to adequately plead a case"); *United States ex rel. Lusby* v. *Rolls-Royce Corp.*, 2007 WL 4557773, at *2 (S.D. Ind. Dec. 20, 2007) (discovery stayed in an FCA action pending a decision on defendant's motion for judgment on the pleadings for lack of particularity under Rule 9(b)). Finally, proceeding with discovery would be particularly burdensome for Ireland-based ICON, and cross-border discovery would potentially raise burdensome issues relating to foreign data privacy laws and regulations.

ICON joins Pfizer in respectfully requesting that the Court grant a three-month continuance of the discovery deadline to March 15, 2023 or another appropriate date of the Court's choosing.

Date: December 2, 2022

Respectfully submitted,

/s/ Scott L. Davis
Scott L. Davis
Texas Bar No. 05547030
HUSCH BLACKWELL, LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 999-6184
Email: scott.davis@huschblackwell.com

Elai Katz (admitted pro hac vice)
Tammy Roy (admitted pro hac vice)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005

Telephone: (212) 701-3720
Email: ekatz@cahill.com
Email: troy@cahill.com

*Counsel for ICON plc*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record on December 2, 2022 pursuant to the Court's ECF filing system and the Federal Rules of Civil Procedure.

*/s/ Scott L. Davis*
Scott L. Davis