# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No.: 1:21-cv-00008-MJT |
| v. ) ) ) | |
| VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON, PLC ) ) ) ) | |
| Defendants. ) ) | |

## NOTICE OF PENDING REQUEST FOR ORAL ARGUMENT AND OPPOSED MOTION TO CONTINUE DISCOVERY DEADLINES

Defendant Pfizer Inc. ("Pfizer" or the "Company") moved to dismiss this action on April 22, 2022. (ECF 37.) Pfizer's arguments for dismissal are strong, and the United States—the named plaintiff in this action—has filed a Statement of Interest agreeing that dismissal is appropriate. (ECF 70.) Pfizer recognizes that the Court has a heavy workload. The Company files this brief, respectfully, to bring Pfizer's pending motion to the Court's attention and reiterate Pfizer's previous request for oral argument. (*See* ECF 37 at 30.) While Pfizer recognizes that the decision to hold oral argument is within the Court's "sole discretion," Local Rule CV-7(g), the Company continues to believe oral argument would be helpful given the unique circumstances of this case, described below.

Plaintiff-Relator Brook Jackson ("Relator") purports to bring this lawsuit "for the United States Government" under the *qui tam* provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(1). This provision empowers private individuals to bring anti-fraud lawsuits on the Government's behalf, and share up to thirty percent of any recovery, even though the private

1

plaintiff has suffered no injury. *Id*. § 3730(d)(2). In this way and many others, *qui tam* cases are unlike other civil litigation in federal court. The FCA requires private plaintiffs to file their lawsuits "under seal" so the Government can investigate the allegations without tipping off the defendant. *Id*. § 3730(b)(2). Following an investigation, the Government must either (1) "intervene" and assume "primary responsibility for prosecuting the action," or (2) "decline[] to take over the action," in which case the private plaintiff may "conduct the action" herself. *Id*. §§ 3730(b)(4), (c)(1). The United States has declined to intervene in this case. (ECF 13.) Typically, when the United States declines to intervene, that is the Government's final word on the matter. Not so here.

On October 4, 2022, the U.S. Department of Justice ("DOJ") took the extraordinary step of filing a Statement of Interest Supporting Dismissal of the Amended Complaint. (ECF 70.) It is not unprecedented for the Government to file statements of interest supporting ***plaintiffs*** in declined *qui tam* actions. But the Statement of Interest here is entirely different. It sides with the ***defendant***, Pfizer, and the other defendants, and urges the Court to dismiss Relator's lawsuit because it fails to identify any "false or misleading" claims, its allegations are "implausible," and the United States continues to have "full confidence" in Pfizer's COVID-19 vaccine. (ECF 70 at 6, 11–12.) In short, the Government has concluded there was no fraud here and agrees with Pfizer that the Court should dismiss this case. To the best of Pfizer's knowledge, the Government's submission is one-of-a-kind; never before has the United States filed a statement of interest seeking outright dismissal of a relator's FCA claims.

This unusual development seems to provide a compelling reason for an oral hearing on Pfizer's motion to dismiss. That motion was fully briefed as of October 27, 2022. (ECF 75.) To promote efficiency and judicial economy, the Court has twice refused to start discovery pending

resolution of dispositive motions. (ECF 58, 86.) Under the current scheduling order, discovery is set to commence on March 15, 2023, one month from today. (ECF 86.) Pfizer would be willing to present oral argument on or before this date, should the Court deem it helpful.

Regardless, unless the Court intends to rule on Pfizer's motion to dismiss by March 15, Pfizer respectfully asks the Court to maintain the status quo and continue to defer discovery for at least another three months to provide the Court with time to rule on Pfizer's motion. An order continuing discovery deadlines is appropriate upon a showing of good cause. Fed. R. Civ. P. 16(b)(4) & 26(c)(1)(A). "Good cause has been found when resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'" *James J. Flanigan Shipping Corp. v. Port of Beaumont*, No 20-191, 2020 WL 4365595, at *1 (E.D. Tex. Jul. 29, 2020) (quoting *Fujita v. United States*, 416 Fed. App'x 400 402 (5th Cir. 2011)); *see also Vanderlan v. Jackson HMA, LLC*, No. 15-767- DPJ-KFB, 2017 WL 9360854, at *1 (S.D. Miss. Dec. 22, 2017) (finding good cause to continue discovery in an FCA case where the continuance "would potentially prevent a significant, unnecessary expenditure of resources by the parties" and because "[t]he Court [did] not anticipate that the stay of discovery [would] be lengthy, as it [would] only be in effect until the Court rule[d] on the pending motion to dismiss").

There are ample grounds for the Court to defer discovery a bit longer. As the Court recognized just two months ago when it granted Pfizer's last motion to continue discovery deadlines, (ECF 78), discovery in this case will be exceptionally burdensome on both Pfizer and Relator. And those burdens will not only fall on the parties; they will fall on the United States as well. It would make little sense to impose these demands on the Government in a case like this one, which the Government has investigated and agreed should be dismissed. (ECF 70.) After

all, Relator brought her *qui tam* claims "for the United States Government, " 31 U.S.C. § 3730(b)(1), and the Government is the party that was allegedly harmed. Relator, on the other hand, has suffered no personal injury but rather acts as a bounty hunter. Under these circumstances, the Government's views should control. All of this was true when the Court postponed discovery last December. (ECF 86.) Nothing has changed.[1]

For all of these reasons, good cause exists for the Court to maintain the status quo and continue to defer discovery in this case (assuming the Court does not dismiss the action on or before March 15). Pfizer therefore urges the Court to adjourn discovery until June 15, 2023, or another appropriate date of the Court's choosing. This Memorandum attaches a proposed Amended Scheduling Order granting the relief that Pfizer requests.

---

[1] Nor has Relator's counsel changed his practice of publicly disparaging this Court—a topic discussed at length during the Telephonic Status Conference on December 13, 2022. (ECF 85.) For example, Relator's counsel continues to deride the Court's postponement of discovery in this case as a "wuss decision." *See*, *e.g.*, https://rumble.com/v26vjei-louder-with-crowder-goes-to-tim-pool.html (posted Jan. 24, 2023; relevant comments at 3:17:30); https://www.youtube.com/watch?v=MZ-5kQI_tIk&t=2247s (posted Feb. 1, 2023; relevant comments at 34:09); https://rumble.com/v28jejc-ep.-147-viva-and-barnes-sunday-night-law-stream...-on-a-monday.html (posted Feb. 6, 2023; relevant comments at 1:22:40).

Date: February 15, 2023                           Respectfully Submitted,

                                                      */s/ Carlton E. Wessel*
                                                     Carlton E. Wessel (admitted *pro hac vice*)
                                                     DLA PIPER US LLP
                                                     500 Eighth Street, NW
                                                     Washington, DC 20004
                                                     Telephone: (202) 799-4000
                                                     Email: Carlton.Wessel@us.dlapiper.com

                                                     Andrew J. Hoffman II (admitted *pro hac vice*)
                                                     DLA PIPER US LLP
                                                     2000 Avenue of the Stars
                                                     Suite 400, North Tower
                                                     Los Angeles, CA 90067-4704
                                                     Telephone: (310) 595-3010
                                                     Email: Andrew.Hoffman@us.dlapiper.com

                                                     Meagan D. Self
                                                     DLA PIPER US LLP
                                                     1900 North Pearl Street, Suite 2200
                                                     Dallas, Texas 75201
                                                     Telephone: (214) 743-4556
                                                     Email: Meagan.Self@us.dlapiper.com

                                                     Jack P. Carroll
                                                     ORGAIN, BELL & TUCKER, LLP
                                                     470 Orleans Street, 4th Floor
                                                     Beaumont, Texas 77701
                                                     Telephone: (409) 838-6412
                                                     Email: jpc@obt.com

                                                     *Counsel for Defendant Pfizer Inc.*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), I hereby certify that on February 14 and 15, 2023, Pfizer's counsel conferred with Defendants' and Relator's counsel regarding Pfizer's Notice of Pending Request for Oral Argument and Opposed Motion to Continue Discovery Deadlines. Relator's counsel confirmed Relator opposes this Motion. Defendants Ventavia and Icon support the Motion.

*/s/ Meagan D. Self*
Meagan D. Self

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2023 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system in accordance with this Court's Local Rules.

*/s/ Meagan D. Self*
Meagan D. Self