UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* BROOK JACKSON,<br><br>        Relator,<br><br>vs.<br><br>VENTAVIA RESEARCH GROUP, LLC,<br>*et al.*<br><br>        Respondents. | Case No.: 1:21-CV-00008-MJT<br><br><br>RELATOR BROOK JACKSON'S<br>OPPOSITION TO PFIZER'S THIRD<br>MOTION TO CONTINUE<br>DISCOVERY DEADLINES |

Relator Brook Jackson, through undersigned counsel, herein opposes Pfizer Inc.'s ("Pfizer") third motion to continue discovery deadlines, Doc. 87. Under Local Rule CV-26 and Federal Rule of Civil Procedure 26, the presumption is that discovery shall move forward notwithstanding a motion to dismiss. A discovery stay pending a decision on a dispositive motion is the exception, not the rule.

## INTRODUCTION

Pfizer originally requested a stay of discovery "pending resolution of the motion to dismiss," but the Court did not grant Pfizer's request. See Doc. 40, PageID 1498. The Court granted Pfizer's motion in part and set a discovery schedule beginning with a due date of December 1, 2022 for initial disclosures and rolling document production. See Doc. 58, PageID 1931. In compliance with the Court's previous Scheduling Order, Relator served her initial disclosures on December 1, 2022; Respondents did not similarly serve initial disclosures. The Court granted Pfizer's previous motion, mandating that disclosures are to be made and rolling document production to begin March 15, 2023. See Doc. 86. Two months after the Court granted Pfizer's previous motion, Pfizer again moved to amend the Scheduling Order. See Doc 87. Pfizer

suggests a further continuance of discovery will preserve the status quo, but the Scheduling Order is the status quo and any amendment to it would be a change of course. Pfizer again fails to show good cause to grant its request, arguing only some undefined hardship will result if discovery commences. Further, Pfizer claims the Court "recognized … discovery in this case will be exceptionally burdensome on both Pfizer and Relator." Doc. 87, PageID 2133. There was no such finding in the Court's Amended Scheduling Order. See Doc. 86.

## ARGUMENT

Local Rule CV-26(a), titled "No excuses," provides "a party is not excused from responding to discovery because there are pending motions to dismiss...." In the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule." *Health Choice Grp., LLC v. Bayer Corp., No*. 5:17CV126-RWS-CMC, 2018 WL 5728515, at *2 (E.D. Tex. Apr. 25, 2018), citing *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015); see also *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-CV-0774-L, 2008 WL 2930482 at *1 (N.D. Tex. July 23, 2008) (Kaplan, J.). A motion to stay discovery is not "automatically granted whenever a motion to dismiss is pending." *Griffin*, supra; see also *Stanissis v. Dyncorp. Intern. LLC*, 3:14-CV-2736-D, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014). "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss." *Griffin*, supra. "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017); see also *Glazer's*, supra.

In support of its motion, Pfizer cites *James J. Flanigan Shipping Corp. v. Port of Beaumont*, No 20-191, 2020 WL 4365595 (E.D. Tex. Jul. 29, 2020), a case where the defendant

moved to stay discovery citing undue burden and asserting that their motion to dismiss was likely to succeed – the Court denied the motion to stay discovery. *Id.*, at *2. Similarly inapplicable is *Fujita v. United States*, 416 Fed. App'x 400 (5th Cir. 2011), in which a motion to stay discovery at the trial court was granted at the summary judgment stage, and only after extending the discovery period for six months to give the plaintiff time to find an expert. *Id.*, at 402-3. Finally, Pfizer relies on the Southern District of Mississippi case *Vanderlan v. Jackson HMA, LLC*, No. 15-767- DPJ-KFB, 2017 WL 9360854, at *1 (S.D. Miss. Dec. 22, 2017), where the court stayed discovery pending its ruling on a motion to dismiss. While the difference in venue is apparent, the Southern District of Mississippi does not appear to have an equivalent to Local Rule CV-26(a).

Surprisingly, Pfizer now attacks the False Claims Act itself, criticizing the Congressional enactment for the fact that it rewards relators "even though the private plaintiff has suffered no injury." Doc. 87, PageID 2131-2. To the contrary, Relator Jackson has suffered great injury due in part to her retaliatory termination after she brought Respondents' wrongdoing to the attention of the FDA. Further delay in discovery prevents Jackson from pursuing her retaliation claim as well as the FCA claims.

Pfizer's conclusory assertions of undue burden are no reason to apply the exception to Local Rule CV-26(a). See *Health Choice Grp., LLC v. Bayer Corp., No*. 5:17CV126-RWS-CMC, 2018 WL 5728515, at *2 (E.D. Tex. Apr. 25, 2018), citing *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015). Pfizer's arguments regarding the Government's Statement of Interest fare no better as Relator responded to that Statement of Interest setting forth the reasons why in many ways it supports Relator's case, not least of which is the Government's choice to forego filing its own motion to dismiss. See Doc.

3

75. Since Local Rule CV-26(a) is the rule, and stays of discovery are the exception, the burden is Pfizer's to show why discovery should be stayed. Pfizer failed to meet this burden.

## CONCLUSION

For the foregoing reasons, and under Local Rule CV-26(a), this Court should deny Respondent's third motion to continue discovery deadlines, and this case should proceed to initial disclosures and rolling document production as scheduled.

Respectfully Submitted,

/s/ Warner Mendenhall
Warner Mendenhall (Ohio Bar No. 0070165)
MENDENHALL LAW GROUP
190 North Union St., Suite 201
Akron, OH 44304
330.535.9160; f 330.762.9743
Email: warner@warnermendenhall.com

Robert E. Barnes, Esq. (CA Bar No. 235919)
Lexis Anderson, Esq.  (TX Bar No. 24127016)
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (310) 510-6211
Facsimile: (310) 510-6225
Email: robertbarnes@barneslawllp.com

*Attorneys for Relator*

## CERTIFICATE OF SERVICE

A copy of the foregoing has been sent by the Court's Electronic Filing System to all parties of record on 3-1-2023.

/s/ Warner Mendenhall
Warner Mendenhall (Ohio Bar No. 0070165)