UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel.* BROOK JACKSON | ) | Case No. 1:21-cv-00008-MJT |
| | ) | |
| Relators | ) | HONORABLE MICHAEL J. TRUNCALE |
| v. | ) | |
| VENTAVIA RESEARCH GROUP, | ) | **MOTION TO REINSTATE RELATOR'S** |
| LLC, *et al.* | ) | **RULE 59(e) MOTION ON THE** |
| Defendants. | ) | **DOCKET AND DEEM IT TIMELY** |
| | ) | |

Relator Brook Jackson, through undersigned counsel, files this motion to respectfully request this Court to redenominate her recently filed motion as a motion for reconsideration, reinstate her filing on the docket, and deem it timely filed within the limit set forth in Federal Rules of Civil Procedure 59(e).

On April 28, 2023, Relator filed a post-trial motion under Federal Rules of Civil Procedure 59(e) ("Motion") [Doc. No. 97] seeking to alter or amend this Court's Order and Opinion Granting Defendants Ventavia Research Group, LLC, Pfizer Inc., and Icon, PLC's motions to dismiss entered in this action on March 31, 2023 [Doc. No. 96]. *See* Exhibit A. On Monday, May 1, 2023, counsel for Relator received notice that the Motion had been improperly struck and was designated as filed in error as it lacked a certificate of conference and a proposed order. The Court clarified that the Motion was not placed on the docket and counsel had been instructed to ignore the filing.

Federal Rules of Civil Procedure 1 provides that "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.

1

They should be construed, administered, and employed by the court and the parties to secure the **just, speedy, and inexpensive** determination of every action and proceeding."

Local Rule CV-7(i) requires that "all motions must be accompanied by a 'certificate of conference' at the end of the motion following the certificate of service." However, L.R. CV-7(i)(1)-(11) lays out exceptions to this rule. These exceptions include motions to dismiss, motions for a new trial, and motions for reconsideration, among others. While the Eastern District of Texas Local Rules do not explicitly exempt a Rule 59(e) motion to alter or amend a final judgment, Relator maintains that her Motion is of the same nature and seeks similar relief to those motions that are exempted and therefore does not require a certificate of conference.

Like other exempted motions under Local Rule CV-7(i), "[a] Rule 59(e) motion 'calls into question the correctness of a judgment.' " *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir.2002)). A certificate of conference is not required for a motion to dismiss. Therefore, a motion that seeks to modify an order on a motion to dismiss would logically also not require a certificate of conference. *See Howley v. Bankers Standard Insurance Company,* No. 3:19-CV-2477-L, 2021 WL 913290, at *4 (N.D. Tex. Mar. 10, 2021) (concluding that a certificate of conference was not required for a motion for leave to file a second amended complaint because it is a post-judgment motion in which Plaintiff contends that the court erred in not allowing him to further amend his pleadings before dismissing his claims with prejudice and similar in essence to a motion for a new trial.). Additionally, the rule requiring a certificate of conference is not intended to simply make busy work for lawyers, and bigger bills for clients, which is what requiring it for motions to amend orders on motions to dismiss would cause.

Moreover, Relator contends that her Rule 59(e) motion should be redenominated as a motion to reconsider, which is explicitly exempted under the local rules. Courts in this circuit consistently refer to Rule 59(e) motions as motions to reconsider. *See Templet v. HydroChem Inc.,* 367 F.3d 473, 477 (5th Cir. 2004); *Finney v. Thaler*, No. MO:10-CV-00131-DC, 2020 WL 13663878 (W.D. Tex. Jan. 17, 2020); *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000).

Relator's deadline to file her Rule 29(e) motion was Friday April 28, 2023, 28 days after final judgment in this matter had been entered. If this Court denies relief, the Court does not have the opportunity to address this issue as a refiling of the Motion will be considered untimely.

In the interest of a "just, speedy, and inexpensive" furtherance of this action, Relator respectfully requests that this Court redenominate Relator's Motion as a "Motion for Reconsideration," reinstate her filing on the docket, and deem it timely filed within the limit set forth in Federal Rules of Civil Procedure 59(e).

Dated: May 26, 2023

                                      Respectfully submitted

                                      */s/ Lexis Anderson*

                                      Lexis Anderson, Esq.
                                      Email: lexisanderson@barneslawllp.com
                                      Robert E. Barnes, Esq.
                                      Email: robertbarnes@barneslawllp.com
                                      BARNES LAW
                                      700 S. Flower Street, Suite 1000
                                      Los Angeles, California 90017
                                      Telephone: (310) 510-6211

                                      Warner Mendenhall (Ohio Bar No. 0070165)
                                      Email: warner@warnermendenhall.com
                                      MENDENHALL LAW GROUP
                                      190 North Union St., Suite 201

Akron, OH 44304
Telephone: (330) 535-9160
Facsimile: (330) 762-9743

Attorneys for Relator *Brook Jackson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May 2023 a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5. All counsel of record consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Lexis Anderson

Lexis Anderson

## CERTIFICATE OF CONFERENCE

Relator, through undersigned counsel, files this Certificate of Conference to verify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h). On May 5, 2023, counsel for Relator contacted counsel for Defendants Ventavia Research Group, LLC, Icon, PLC, and Pfizer, Inc. and informed them of Relator's intent to file her motion to reinstate her Rule 59(e) motion on the docket. All Defendants stated that they were opposed to the motion.

Per Local Rule CV-7(h), Counsel for Relator held a personal conference via telephone on May 23, 2023. Attorneys for Relator and Defendants were present. Counsel for Relator expressed her position and articulated the purpose for bringing the motion. Counsel for Defendants expressed that they remained opposed to the motion and no agreement could be reached. The discussion yielded no resolution, and this remains an issue for the Court to resolve.

Dated: May 26, 2023                                Respectfully submitted,

                                                   */s/ Lexis Anderson*

                                                   Lexis Anderson

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>*ex rel.* BROOK JACKSON           )<br>                                                    )<br>           Relators                           )<br>    v.                                             )<br>VENTAVIA RESEARCH GROUP, )<br>LLC, *et al.*                                 )<br>           Defendants.                    )<br>_____) | Case No. 1:21-cv-00008-MJT |

## **ORDER**

Upon consideration of Relator Brook Jackson's Motion to Reinstate Relator's Rule 59(e) Motion on the Docket and Deem It Timely ("Motion"), entered on May 26, 2023,

**IT IS HEREBY ORDERED** that Relator's motion is **GRANTED**.

Dated: _____

_____
Michael J. Truncale
United States District Judge