IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Brook Jackson,<br><br>    Plaintiff,<br><br>v.<br><br>VENTAVIA RESEARCH GROUP, LLC; PFIZER INC.; ICON PLC,<br><br>    Defendants. | CASE NO. 1:21-CV-00008-MJT |

**VENTAVIA'S OPPOSITION TO RELATOR'S MOTION TO REINSTATE HER
RULE 59(e) MOTION ON THE DOCKET AND DEEM IT TIMELY**

Defendant Ventavia Research Group, LLC ("Ventavia") opposes Relator's motion to reinstate or "redenominate" (Dkt. 99) her motion to alter or amend the order of dismissal (*see* Dkt. 97) and to deem the latter motion timely filed. Ventavia is not clear what it means to redenominate a previously stricken motion or whether there is any authority to support such a request. Relator does not cite any such authority, relying only on the general principles in Rule 1. (Dkt. 99 at 1.) The Court's docket instructions were simple: to properly file her motion to alter or amend, Relator had to confer with opposing counsel and submit a proposed order. She has still not done either.

In the meantime, Relator moved ahead with filing her notice of appeal. (Dkt. 98.) "It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal." *E.g.*, *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007) (citations omitted). So it is unclear how this Court has jurisdiction to do anything with respect to either of Relator's motions. Although the Fifth Circuit dismissed Relator's appeal for want of prosecution on May 30, 2023 (*see* Dkt. 100), Relator is now seeking to reinstate the

PAGE 1

appeal. *See Jackson v. Ventavia Research Group, LLC*, No. 23-40278, Doc. 29-1 (5th Cir. June 2, 2023). Even if the dismissal holds, Relator has not offered any authority or justification for allowing her to continue litigating her claims in this Court following a failed appeal.

Jurisdictional questions aside, Relator's motion to reinstate fails on its merits. This Court need not bend over backwards to create a new procedural mechanism for a stricken filing (now described as a motion for reconsideration, Dkt. 99 at 3) that reads more like an internet post than a motion to alter or amend. And that's particularly true because Relator does not provide any actual basis for altering the order of dismissal or allowing another amended complaint: this Court properly held that amended FCA claims would be futile in light of "the Government's continued authorization and purchase of the vaccine," among other things (*see* Dkt. 96 at 44), and Relator's proposed amendment cannot change that. Nor has she offered a viable retaliation theory. For those and other reasons, Ventavia will vigorously oppose Relator's motion for reconsideration in the event the Court deems it filed as Relator requests. But even that is inappropriate and unnecessary.

Respectfully submitted,

*/s/ Stacy L. Brainin*
Stacy L. Brainin
Texas Bar No. 02863075
Andrew W. Guthrie
Texas Bar No. 24078606
Taryn M. McDonald
Texas Bar No. 24088014
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: (214) 651-5000
Fax: (214) 651-5940
stacy.brainin@haynesboone.com
andrew.guthrie@haynesboone.com
taryn.mcdonald@haynesboone.com
**COUNSEL FOR VENTAVIA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record on June 9, 2023, pursuant to the Court's ECF filing system and the Federal Rules of Civil Procedure.

/s/ Stacy L. Brainin
Stacy L. Brainin