UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON, PLC <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 1:21-cv-00008-MJT |

**PFIZER'S OPPOSITION TO RELATOR'S MOTION TO REINSTATE HER "RULE 59(e) MOTION" ON THE DOCKET AND DEEM IT TIMELY**

The Court granted Pfizer's motion to dismiss, with prejudice, on March 31, 2023. (ECF 96.) The Court explained its rationale for dismissal in a thoughtful and well-reasoned opinion spanning 48 pages. Despite this, and within minutes of the Court issuing its opinion, Plaintiff-Relator Brook Jackson took to Twitter to falsely and inappropriately contend that the Court's ruling was, among other things, "a despicable and heinous betrayal of justice," "a blatant example of corruption, incompetence and cowardice," and "a declaration that the powerful are above the law." (Ex. A.) She also remarked, "This was our practice run; a hope that America still had a fair & just judiciary. It does not." (Ex. B.) Relator and her counsel have since engaged in a vexatious attack on the Court's dismissal of her case, in both the district court and the Court of Appeals, leaving a procedural quagmire in their wake. The upshot of this procedural mess, which Relator created, is that the case now rests with the Fifth Circuit and, so long as the appellate proceedings are underway, this Court lacks subject-matter jurisdiction to grant the relief requested in Relator's pending motion (ECF 99). The Court should deny it.

1

Twenty-eight days after the Court dismissed Relator's complaint, she attempted to file a "Rule 59(e) Motion" challenging the Court's order insofar as it denied leave to amend.  (ECF 97.)  The Court rejected that motion, however, because it failed to include a "separate proposed order" as required under Local Rule CV-7(a), among other shortcomings.  Rather than address these deficiencies, Relator's counsel elected to file a Notice of Appeal.  (ECF 98.)  The Fifth Circuit docketed that appeal, under Cause No. 23-40278, on May 4, 2023.  A subsequent docket entry notified Relator of her duties to "complete a transcript order form" and "make financial arrangements with the court reporter" no later than May 23, 2023.  *See* Fed. R. App. P. 10(b)(1); 5th Cir. R. 10.  Again Relator's counsel disregarded the rules, and the Fifth Circuit dismissed her appeal for "want of prosecution" on May 30, 2023.  (ECF 100.)  Her counsel has since filed a "Motion To Reinstate Appeal" pursuant to Fifth Circuit Rule 27.1.6, (Ex. C), and the Court of Appeals accepted that motion on June 9, 2023.  Relator's motion remains pending.

Despite the ongoing proceedings in the Fifth Circuit, Relator filed the motion at issue here, (ECF 99), which asks the Court to "reinstate" her "Rule 59(e) Motion" and "redenominate" [sic] it as a "motion for reconsideration."  "[T]here is no motion to reinstate under the Federal Rules of Civil Procedure."  *Searight v. Astrue*, No. 10-1014, 2011 WL 2174487, at *1 (M.D. Ala. June 2, 2011).  Nor has Relator cited any case law supporting her motion.  The best authority she can muster is Rule 1, which instructs courts to interpret the Federal Rules in a manner that facilitates the "just, speedy, and inexpensive" resolution of cases.  (*See* ECF 99 at 1–2.)  By citing Rule 1, Relator implies it was somehow unjust or inefficient for the Court to insist on her compliance with Local Rule CV-7.  She is mistaken.  *See*, *e.g.*, *Miller v. Cox Operating, LLC*, No. 22-215, 2023 WL 3144140, at *5 (E.D. La. Apr. 28, 2023) ("The Federal Rules of Civil Procedure and the Local Rules of this Court are not mere suggestions, and . . . strict compliance with same is expected.").

Regardless, Relator may not fight a two-front war to salvage her defective complaint; the matter now lies within the exclusive jurisdiction of the Fifth Circuit under the "one-court-at-a-time" rule. *See Texas v. Biden*, 20 F.4th 928, 964 (5th Cir. 2021) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")).

The Fifth Circuit follows the one-court-at-a-time rule "rigorously." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1064 (5th Cir. 1990). This "well established" rule provides that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously" and a district court "does not have the power to alter the status of a case as it rests before the Court of Appeals." *Id*. at 1063–64 (quoting *Griggs*, 459 U.S. at 58.). In particular, a district court acts "outside its authority" by "granting [a] plaintiff['s] motion to amend" when doing so would render the issue on appeal "moot." *Id*. at 1063; *see also Wooten v. Roach*, 964 F.3d 395, 404 (5th Cir. 2020) ("By accepting an amended pleading that altered the status of the appeal, the district court wrongfully asserted jurisdiction over aspects of the case involved in this appeal.") (internal citations omitted).

Relator's appeal asks the Fifth Circuit to reverse an order that (1) dismissed her operative complaint for failure to state a claim and (2) denied leave to amend on "futility" grounds. (*See* ECF 96 at 43–44.) She simultaneously seeks "reconsideration" of the very same order in the district court. (*See* ECF 99 at 3.) Were the Court to grant Relator's motion for reconsideration and allow her to file an amended pleading, this would render her appeal moot. The Court should decline to do so because, as the Fifth Circuit put it recently, "a notice of appeal permanently

transfers the case to us until we send it back." *Biden*, 20 F.4th at 964.  This Court must maintain the status quo in the meantime.  *Dayton Indep. Sch. Dist.*, 906 F.2d at 1064.

For all of these reasons, the Court should deny Relator's "Motion to Reinstate."[1]

Date: June 9, 2023

Respectfully Submitted,

/s/ Carlton E. Wessel
Carlton E. Wessel (admitted *pro hac vice*)
DLA PIPER US LLP
500 Eighth Street, NW
Washington, DC 20004
Telephone:  (202) 799-4000
Email:  Carlton.Wessel@us.dlapiper.com

Andrew J. Hoffman II (admitted *pro hac vice*)
DLA PIPER US LLP
2000 Ave. of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Telephone:  (310) 595-3010
Email:  Andrew.Hoffman@us.dlapiper.com

Meagan D. Self
DLA PIPER US LLP
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 743-4556
Email:  Meagan.Self@us.dlapiper.com

Jack P. Carroll
ORGAIN, BELL & TUCKER, LLP
470 Orleans Street, 4th Floor
Beaumont, Texas 77701
Telephone:  (409) 838-6412
Email:  jpc@obt.com

*Counsel for Defendant Pfizer Inc.*

---

[1] The "Motion to Reinstate" attaches, as Exhibit A-1, Relator's so-called "Rule 59(e) Motion." (ECF 99-1.)  That proposed motion provides no legitimate basis for reconsideration, and Pfizer reserves the right to oppose it on the merits if necessary.

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system in accordance with this Court's Local Rules.

*/s/ Meagan D. Self*
Meagan D. Self