UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON PLC <br><br> Defendants. | Civil Action No.: 1:21-cv-00008-MJT |

**ICON PLC'S OPPOSITION TO RELATOR'S MOTION TO REINSTATE
HER RULE 59(e) MOTION ON THE DOCKET AND DEEM IT TIMELY**

Relator seems to believe she is entitled to challenge the Order dismissing her claims against ICON plc with prejudice in this Court and the Fifth Circuit simultaneously. The Court should deny Relator's Motion to Reinstate. In addition to her motion wholly lacking any support in case law or the relevant procedural rules, Relator divested this Court of jurisdiction when she decided to file an appeal and has exhibited a continued, systematic disregard for the Federal Rules of Civil Procedure and the Court's Local Rules, and indeed the judicial system more generally.

Procedural Background

On March 31, 2023, the Court issued an Order and Opinion [Dkt. No. 96] granting Defendants' Motions to Dismiss Relator Brook Jackson's false presentment claims under 31 U.S.C. § 3729(a)(1)(A) and false record claims under 31 U.S.C. § 3729(a)(1)(B) with prejudice ("the Order").[1] Dkt. Nos. 37, 51, 53. On April 28, 2023, Relator filed a Notice of Motion and Rule 59(e) Motion to Alter or

---

[1] The Court dismissed Relator's retaliation claim under 31 U.S.C. § 3730(h) against Ventavia Research Group, LLC without prejudice. Dkt. No. 96 at 48.

Amend Order of Dismissal ("Motion to Alter or Amend"), seeking leave to once again amend her complaint. Dkt. No. 97. The Court, however, properly struck Relator's Motion on May 1, 2023 and designated it as filed in error, due to Relator's failure to follow Local Rules CV-7(a), (h) and (i), which require inclusion of a proposed order, a "Meet and Confer," and a Certificate of Conference, respectively. Later on May 1, 2023, Relator appealed the Order to the United States Court of Appeals for the Fifth Circuit. Dkt. No. 98. Nevertheless, on May 26, 2023, Relator filed a Motion to Reinstate the Motion to Alter or Amend in this Court. Dkt. No. 99.

On May 30, 2023, the Fifth Circuit dismissed Relator's appeal for want of prosecution, including for failure to follow instructions set forth in a docket entry. Dkt. No. 100. On June 2, 2023, Relator filed a Motion to Reinstate the Appeal in the Fifth Circuit. *See Jackson* v. *Ventavia Research Group, LLC*, No. 23-40278, Dkt. No. 29 (5th Cir. June 2, 2023). The Defendants took no position on that motion. On June 5, 2023, the Circuit found the Motion to Reinstate insufficient on procedural grounds and provided Relator ten days to correct the filing. *Id*. On June 9, 2023, the Motion to Reinstate was made sufficient. *Id*. at Dkt. No. 31.

Relator's Filing of a Notice of Appeal Divested This Court of Jurisdiction

The case law is well-settled that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Wooten* v. *Roach*, 964 F.3d 395, 403 (5th Cir. 2020). Right after this Court struck Relator's Motion to Alter or Amend, Relator elected to file a Notice of Appeal, divesting this Court of jurisdiction.

ICON plc joins Defendant Pfizer Inc.'s Opposition to Relator's Motion to Reinstate her "Rule 59(e) Motion" on the Docket and Deem It Timely ("Pfizer Opp.") and incorporates by

reference the argument that Plaintiff's Notice of Appeal divests this Court of jurisdiction to entertain Relator's Motion to Reinstate or to grant her Motion to Alter or Amend.[2] Pfizer Opp. at 3; *see also Khan* v. *Hakim*, 201 F. App'x 981, 985 (5th Cir. 2006) (holding that trial court did not have jurisdiction to grant an order "because it did so subsequent to the filing of the notice of appeal.").

Relator's Failure to Comply with Basic Procedural Rules Warrants Denial

Even if this Court had jurisdiction (which it does not), this motion should be denied. Relator, purporting to pursue claims on behalf of the United States, demonstrates a systematic disregard for the Court's Local Rules and the Federal Rules of Civil Procedure. She should not be given chance after chance to correct basic and avoidable errors. *See, e.g.*, *City of Garland* v. *Huey*, 1997 WL 279811, at *1 (N.D. Tex. May 20, 1997) ("Far from being a simple first offense blunder . . . [t]he totality of [attorney's] conduct, however, and [their] position as a licensed attorney, make it clear that [their numerous violations of the Court's Scheduling Order, the Federal Rules of Civil Procedure and the Local Rules] were not the result of excusable neglect or inadvertence, but rather [the attorney's] deliberate and willful disregard of the Rules and Orders of this Court."); *see also Brooks* v. *Firestone Polymers, LLC*, 2014 WL 12713018, at *3 (E.D. Tex. Apr. 4, 2014) ("Plaintiffs have twice failed to comply with the [L]ocal [R]ules of the Eastern District of Texas . . . There is no indication that Plaintiffs conferred with Defendant in good faith before submitting the instant motions . . . [and] Plaintiffs' motions contain no such certificate [of service] . . . In short, Plaintiffs' motions fail [as they] do not comply with the Local Rules of the Eastern District of Texas."). Relator seems to prefer (repeatedly) asking forgiveness rather than asking permission. This Court has already admonished Relator and her counsel for disparaging and inappropriate

---

[2] ICON plc reserves the right to oppose the Motion to Alter or Amend – which has no merit in any event – should the Court reinstate it.


public comments regarding this Action, which have nonetheless continued unabated. *See* Pfizer Opp. at 1. Relator's failure to follow straightforward and uncontroversial procedural requirements continues this pattern of disrespect towards the Court and the judiciary. Her neglect of the applicable rules should not be excused as an oversight or error.

Accordingly, the Court should deny Relator's Motion to Reinstate.

Date: June 9, 2023

Respectfully submitted,

*/s/Scott L. Davis*
Scott L. Davis
Texas Bar No. 05547030
HUSCH BLACKWELL, LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 999-6184
Email: scott.davis@huschblackwell.com

Elai Katz (admitted pro hac vice)
Tammy Roy (admitted pro hac vice)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3720
Email: ekatz@cahill.com
Email: troy@cahill.com

*Counsel for ICON plc*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record on June 9, 2023 pursuant to the Court's ECF filing system and the Federal Rules of Civil Procedure.

                                                                           */s/Scott L. Davis*
                                                                           Scott L. Davis