UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | Civil Action No.: 1:21-cv-00008-MJT |
| VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON, PLC, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**RELATOR'S REPLY IN SUPPORT OF RELATOR'S MOTION TO REINSTATE HER RULE 59(e) MOTION ON THE DOCKET AND DEEM IT TIMELY**

Relator Brook Jackson ("Relator" or "Jackson") respectfully requests this Court reinstate her Rule 59(e) motion on the docket, redesignate her motion as a motion for reconsideration, and consider it timely. Relator maintains that a certificate of conference was not required for a motion of this nature and the primary reason for striking her motion from the docket was void. This Court should grant Relator's motion to reinstate her motion because 1) a certificate of compliance was not required for a motion of this nature, and 2) the District Court can exercise jurisdiction over this matter.

First, Defendants contend that filing a notice of appeal with the Fifth Circuit Court of Appeals divests this court from control over this case. Relator filed her Rule 59(e) motion to alter or amend this Court's dismissal of her case on April 28, 2023, twenty-eight days after this Court's dismissal and within the time limit to file. On Monday, May 1, 2023, this Court informed Relator that her motion had not been accepted. Relator's deadline to file a notice of appeal in the Fifth Circuit was May 1, 2023, the same day Relator was informed that her Rule 59(e) motion

1

was stricken from the docket. To preserve her rights to appeal, Relator filed her notice of appeal in the event that her Rule 59(e) motion would not be deemed timely and considered by this Court. However, Relator articulated in her notice of appeal that should her Rule 59(e) motion be reinstated and heard by this Court, she intended to withdraw her notice of appeal to allow the District Court to exercise their jurisdiction over this issue.

Furthermore, Defendants do not, and cannot, contest that motions of this nature would not require a certificate of conference under the Local Rules of the Eastern District of Texas. L.R. CV-7(i)(1)-(11) lays out exceptions to the general rule that motions must come with a certificate of conference. These exceptions include motions to dismiss, motions for a new trial, and motions for reconsideration, among others. As Relator's Motion is of the same nature and seeks similar relief to those exempted motions, it therefore did not require a certificate of conference and, through Relator's information and belief, complied with L.R. CV-7(i). Relator requests her Rule 59(e) motion be taken as a motion for reconsideration, which is explicitly exempted under the local rules, to more clearly align with the relief sought in Relator's Rule 59(e) motion.

As a certificate of conference was not required to be attached to Relator's Rule 59(e) motion, the sole deficiency in Relator's filing was failing to attach a proposed order, which Relator has cured. As an exhibit to Relator's Motion to reinstate, she attached her Rule 59(e) motion and included a proposed order. [Doc. No. 99]. Striking a motion only for failure to attach a proposed order is neither required nor a proper sanction in the Fifth Circuit. *See Jefferson v. Louisiana Dep't of Pub. Safety & Corr.,* 401 F. App'x 927 (5th Cir. 2010) (Failure of party to file proposed order with motion to set aside entry of default and answer did not require entry of default judgment and the deficiency was corrected by filing of proposed order.); *see also Ponder*

*v. Wersant,* No. 4:17-CV-00537, 2018 WL 690836, at *2 (S.D. Tex. Feb. 2, 2018) (The Court declined to strike defendants' motions because they did not attach a proposed order.)

In the interest of a "just, speedy, and inexpensive" furtherance of this action, Relator respectfully requests that this Court redenominate Relator's Motion as a "Motion for Reconsideration," reinstate her filing on the docket, and consider it timely filed within the limit in Federal Rules of Civil Procedure 59(e).

Dated: June 16, 2023

                                                Respectfully submitted

                                                */s/ Lexis Anderson*

                                                Lexis Anderson, Esq.
                                                Email: lexisanderson@barneslawllp.com
                                                Robert E. Barnes, Esq.
                                                Email: robertbarnes@barneslawllp.com
                                                BARNES LAW
                                                700 S. Flower Street, Suite 1000
                                                Los Angeles, California 90017
                                                Telephone: (310) 510-6211

                                                Warner Mendenhall (Ohio Bar No. 0070165)
                                                Email: warner@warnermendenhall.com
                                                MENDENHALL LAW GROUP
                                                190 North Union St., Suite 201
                                                Akron, OH 44304
                                                Telephone: (330) 535-9160
                                                Facsimile: (330) 762-9743

                                                Attorneys for Relator *Brook Jackson*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of June 2023 a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5. All counsel of record consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                      */s/ Lexis Anderson*

                                      Lexis Anderson