IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON, | § § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 1:21-CV-00008 |
| v. | § § § | JUDGE MICHAEL J. TRUNCALE |
| VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC; ICON, PLC, | § § § § | |
| *Defendants.* | § | |

## **ORDER GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Before the Court is Relator Brook Jackson's Motion to Reinstate Relator's Rule 59(e) Motion on the Docket and Deem It Timely. [Dkt. 99]. After considering Ms. Jackson's motion, the pleadings on file, and all applicable law, the Court grants the same.

### I.     BACKGROUND

On March 31, 2023, the Court entered an Order Granting Defendants' Motions to Dismiss. [Dkt. 96]. The Court dismissed Ms. Jackson's presentment claim under 31 U.S.C. § 3729(a)(1)(A) and false record claim under 31 U.S.C. § 3729(a)(1)(B) with prejudice. *Id.* at 48. The Court dismissed her retaliation claim under 31 U.S.C. § 3730(h) without prejudice. *Id.*

On April 28, 2023, Ms. Jackson filed a Rule 59(e) Motion to Alter or Amend Order of Dismissal. [Dkt. 97]. Pursuant to Federal Rule of Civil Procedure 59(e), she requests that the Court amend its Order Granting Defendants' Motions to Dismiss to permit her file a Second Amended Complaint. *Id.* Specifically, Ms. Jackson seeks leave to allege violations of the False Claims Act ("FCA") under a theory of fraudulent inducement, and to allege claims for retaliation under the FCA and the Texas Health and Safety Code. *Id.* at 11, 16. The Clerk's Office, however, struck her

Rule 59(e) motion for failure to comply with the Court's Local Rules.

On May 1, 2023, Ms. Jackson appealed the Court's Order Granting Defendants' Motions to Dismiss to the Fifth Circuit. [Dkt. 98]. On May 26, 2023, Ms. Jackson filed the instant motion, wherein she asks the Court to rule on her Rule 59(e) Motion to Alter or Amend [Dkt. 97] despite its nonconformance with the Local Rules and untimeliness. [Dkt. 99]. This Court, mindful of the rule that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), refrained from ruling on this motion. On August 2, 2023, the Fifth Circuit stayed its proceedings "pending resolution of Rule 59(e) proceedings pending in the district court." [Dkt. 107]. The Court may now rule on Ms. Jackson's motion.

## II.   LEGAL STANDARD AND DISCUSSION

"Where a district court has entered a judgment on the pleadings and the plaintiff moves under Rule 59(e) to vacate the judgment and amend the complaint, the court should analyze the motion under the Rule 15(a) standard." *DeGruy v. Wade*, 586 F. App'x 652, 655 (5th Cir. 2014) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "Absent a strong, declared reason for the denial, a reviewing court will hold the denial of a Rule 15(a) motion to be an abuse of discretion." *Id.*

Here, Ms. Jackson seeks leave to file a Second Amended Complaint to allege that Defendants are liable for violating the FCA under a theory of fraudulent inducement. [Dkt. 97 at 11]. In its Order Granting Defendants' Motions to Dismiss, the Court questioned "whether liability can attach under the fraudulent inducement theory when a contract was procured through truthful statements, but a condition of payment—here, FDA authorization—was subsequently obtained through misrepresentations." [Dkt. 96 at 32]. The Court, however, did not answer that question

because Ms. Jackson asserted the fraudulent inducement theory for the first time in her response brief. *Id.* Accordingly, the Court will permit Ms. Jackson to amend her complaint to assert this theory.

In addition, Ms. Jackson pleads in her proposed Second Amended Complaint that while the FDA was aware of her allegations, the agency "did not believe the fraud allegations." [Dkt. 97-1 at 79]. This pleading could be construed as an assertion that the FDA did not have actual knowledge of Defendants' alleged statutory, regulatory, or contractual violations. It is unclear whether the Government's continued authorization and/or payment after it learns of *allegations* that a defendant violated statutory, regulatory, or contractual requirements—as opposed to *actual knowledge* that such violations occurred—is strong evidence that compliance with those requirements was not material to the Government's decision. *See United States ex rel. Harman v. Trinity Indus. Inc.*, 872 F.3d 645, 649–50, 661 (5th Cir. 2017) (discussing the Government's thorough assessment of alleged violations in the case at bar and distinguishing a First Circuit case where there was no evidence that Government "had actual knowledge" of violations). The uncertainty of this issue bolsters the Court's decision to permit Ms. Jackson to amend her complaint.

Ms. Jackson also seeks to file a Second Amended Complaint to allege that Defendant Ventavia Research Group, LLC retaliated against her in violation of the FCA and the Texas Health and Safety Code. [Dkt. 97 at 16]. The Court dismissed Ms. Jackson's retaliation claim without prejudice. [Dkt. 96 at 48]. The Court will therefore allow Ms. Jackson to amend her complaint to assert claims for retaliation.

In sum, the Court will permit Ms. Jackson to file a Second Amended Complaint. The Second Amended Complaint shall not contain duplicate paragraph numbers. *See, e.g.*, [Dkt. 97-1

73–79] (repeating paragraph numbers). The Second Amended Complaint (excluding attachments) shall consist of only black text. *See, e.g.*, [Dkt. 97-1 at 7] (containing both red and black text). Ms. Jackson may file a Second Amended Complaint no later than twenty-one days after the entry of this order.

### III.    CONCLUSION

It is therefore **ORDERED** that Relator Brook Jackson's Motion to Reinstate Relator's Rule 59(e) Motion on the Docket and Deem It Timely [Dkt. 99] is hereby **GRANTED**. Relator Brook Jackson may file a Second Amended Complaint no later than twenty-one days after the entry of this order.

**SIGNED this 9th day of August, 2023.**

Michael J. Truncale
United States District Judge