# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BROOK JACKSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No.: 1:21-cv-00008-MJT ) |
| VENTAVIA RESEARCH GROUP, LLC; PFIZER, INC.; ICON, PLC | ) ) ) |
| Defendants. | ) ) ) |

## [PROPOSED] SCHEDULING ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, the Court enters the following Scheduling Order[1]:

| | |
|---|---|
| 09/15/2023 | Deadline to file corrected Second Amended Complaint (ECF 97-1)[2] |
| 10/5/2023 | Deadline to file Motions to Dismiss |
| 11/9/2023 | Deadline to file Opposition to Motions to Dismiss |
| 11/29/2023 | Deadline to file Replies in Support of Motions to Dismiss |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Federal Rule of Civil Procedure 6, the effective date is the first federal court business day following the deadline imposed.

[2] Relator requests an additional two weeks to file her amended complaint. Defendants do not oppose this brief extension of time.

| Date | Deadline |
|---|---|
| 05/17/2024 | Deadline for Parties to serve disclosures required by Court's April 13, 2022 Order (Dkt. 31) and Rule 26(a)(1). |
| 05/17/2024 | Deadline for Parties to begin rolling document production. |
| 07/23/2024 | Deadline to complete document production and exchange Privilege Logs. |
| 07/23/2024 | Deadline for Plaintiffs to file amended pleadings. A motion for leave to amend is not necessary. |
| 08/24/2024 | Deadline for Defendants' final amended pleadings. A motion for leave to amend is not necessary. |
| 09/23/2024 | Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| 10/21/2024 | Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| 11/24/2024 | Deadline to complete expert discovery. |
| 01/22/2025 | Deadline to file Rule 56 and Daubert motions. |
| 02/20/2025 | Deadline to file oppositions to Rule 56 and Daubert motions. |
| 03/21/2025 | Deadline to file replies in support of Rule 56 and Daubert motions. |
| 04/21/2025 | Deadline for discovery. |
| Court will set on request from counsel | Hearing on Rule 56 and Daubert motions. |
| 05/25/2025 | Notice of intent to offer certified records. |
| 06/01/2025 | Parties exchange Rule 26(a)(3) disclosures. Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to |

determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases).

To avoid the cost of designating deposition extracts and objecting to same, counsel shall discuss witnesses who have to be presented by deposition. Counsel should agree on a list of witnesses whom each counsel will subpoena, or if beyond the subpoena range (see Federal Rule of Civil Procedure 45), whom each counsel will arrange to have present at trial.

| | |
|---|---|
| _____06/16/2025_____ | Parties exchange objections to Rule 26(a)(3) disclosures. |
| _____06/29/2025_____ | For witnesses who are not going to be called live, oral, and video deposition designations due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting line and page numbers to be offered. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the court.[3] The party who filed the initial video deposition designation is responsible for preparation of the final edited video in accordance with all parties' designations, and the court's rulings on objections. (Designations are not to be made for witnesses who will appear live, nor for impeachment on cross-examination.) |
| _____06/29/2025_____ | Parties exchange objections to designated oral and video deposition extractions. |
| _____07/14/2025_____ | File unresolved objections to oral and video deposition extracts. |
| _____07/07/2025_____ | Motions in Limine due.<br>Deadline to file Joint Final Pretrial Order. (Obtain form for Exhibit List from Eastern District website.) |

---

[3] Opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The court needs a copy of the pertinent deposition to rule on any objection.

| | |
|---|---|
| _____07/14/2025_____ | Response to Motions in Limine due.[4]<br>File Proposed Jury Instructions/Verdict Form (or Proposed Findings of Fact and Conclusions of Law). |
| <u>Court will set on request from counsel</u> | If numerous objections are filed the court may set a hearing to consider all pending mot ions and objections. |
| _____08/1/2025_____ | Final Pretrial at 9:00 a.m. in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas. Date parties should be prepared to try case. Provide court with two copies of Exhibit List, using form from District Clerk's Office. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order. |
| _____8/08/2025_____ | 9:00 a.m. Jury Selection and Trial in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas. |

## **CONTESTED MOTION PRACTICE**

Counsel and parties shall comply with Local Rules CV-7, 10, 11, and 56, in addition to the Federal Rules of Civil Procedure. Local Rule CV-7 requires you to attach affidavits and other supporting documents to the motion or response when allegations of fact are relied upon and do not appear in the record. Highlight the portions of the affidavits or other supporting documents that are cited in your motion or response.

## **DISCOVERY DISPUTES**

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline is the best means to obtain an immediate ruling on

whether a discovery request is relevant to any claims or defenses and on disputes that arise during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

---

[4] To save time and space, respond only to items objected to.  All others will be considered to be agreed. Opposing counsel shall confer in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all issues which are resolved.

**Electronic discovery:** In cases involving disputes over extensive electronic discovery counsel for both sides shall review the court's [Model] Order Regarding E-Discovery in Patent Cases before contacting the Hotline or filing motions to compel or to quash. The order can be modified for use in any case in which electronic discovery is an issue, and any ruling of the court on conduct of electronic discovery will likely be based, at least in part, on that Model Order. *See* ED Texas Website under Quick Links / Forms / Patent Forms / Order Regarding E-Discovery in Patent Cases.

## SETTLEMENT

Plaintiff's counsel shall immediately notify the court upon settlement. All papers necessary for the removal of the case from the Court's active trial docket should be filed within thirty (30) days of settlement.

## COMPLIANCE

Attorneys and pro se litigants who appear in this court must comply with the deadlines set forth in the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, and this Order. **A party is not excused from the requirements of a Rule or Scheduling Order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this Order or the rules**.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this Order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both. Counsel is reminded of Local Rule AT-3, particularly AT-3(i) & (j).