IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

**UNITED STATES OF AMERICA,**
ex rel. **BROOK JACKSON,**

    **Plaintiff,**

v.                                                    Case No. 1:21-CV-00008-MJT

**VENTAVIA RESEARCH GROUP, LLC,**
**et al.,**

    **Defendants.**
_____

**REPLY IN SUPPORT OF UNITED STATES' MOTION TO INTERVENE
AND TO DISMISS PURSUANT TO 31 U.S.C. § 3730(c)(2)(A)**

*Qui tam* suits are brought in the United States' name to vindicate the United States' interests. *United States ex. rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419, 438 (2023). Thus, the United States, always the real party in interest, retains the right to dismiss a *qui tam* suit over the relator's objection. 31 U.S.C. § 3730(c)(2)(A). The Supreme Court recently clarified that where, as in this case, dismissal is sought before the defendant answers or moves for summary judgment, Rule 41(a)(1) "entitles the movant to dismissal; the district court has no adjudicatory role." *Polansky,* 599 U.S. at 436 n.4. To override the United States' decision to pursue dismissal, the relator's interest "must be extraordinary" because

"dismissal is virtually an entitlement." *Id.* at 438; *United States ex. rel. Sargent v. McDonough, et al.*, No. 1:23-00328, 2024 WL 809902, at *1 (D. Me. Feb. 26, 2024). Here, Relator Jackson's vigorous disagreement with certain federal government policies is "insufficient to establish that the Government's reasons for seeking a dismissal are invalid." *United States ex. rel. Toomer v. Terrapower LLC et al.*, No. 4:16-226, 2018 WL 4934070, at *6 (D. Idaho Oct. 10, 2018); *United States ex. rel. Vanderlan v. Jackson HMA, LLC et al.*, No. 3:15-cv-767-DPJ-ASH, ECF No. 192, at 1 (S.D. Miss. Apr. 12, 2024)("While [Relator's] attorneys have vigorously and passionately pursued the FCA claims, the claims were never his, and the Government has substantial discretion to seek dismissal.").

## I.   The Government's Request to Dismiss under 31 U.S.C. § 3730(c)(2)(A) Establishes Good Cause to Intervene

Since the Supreme Court decided *Polansky,* courts have, without exception, found that the Government's request to dismiss the suit "itself establishes good cause to intervene." *Polansky,* 599 U.S. at 429 n.2 (showing "good cause" in this context is not burdensome); *Brutus Trading, LLC v. Standard Chartered Bank*, No. 20-2578, 2023 WL 5344973, at *2 (2d Cir. Aug. 21, 2023)(government's (c)(2)(A) motion amounted to a motion to intervene as well); *United States ex. rel. Carver v. Physicians Pain Specialists of Alabama, P.C.*, No. 13-392, 2023 WL 4853328, at *6 n.4 (11th Cir. July 31, 2023)(ruling that "the same grounds that support dismissal also provide good cause to intervene"); *United States ex. rel. USN4U, LLC v. Wolf*

2

*Creek Fed. Servs.*, No. 1:17-cv-0558, 2023 WL 8480085, at *2-3 (N.D. Ohio December 7, 2023)(citing the United States' basis for dismissal under Section 3730(c)(2)(A) as establishing "good cause" to intervene); *United States ex rel. Farmer v. Republic of Honduras,* No. 17-470-KD-N, ECF No. 97 (S.D. Ala., Jan. 10, 2024)(same). Contrary to Relator's assertion, the courts that have considered the Government's requests to intervene for purposes of dismissal have never looked beyond the flexible "good cause" standard set forth in § 3730(c)(3) or interpreted it to require the presentation of new evidence or a "change in circumstances." *See id.*

Further, the United States' dismissal of this *qui tam*, brought in its name, does not unduly prejudice Relator and is well within the constitutional limits of Government action. First, the statutory limitations on the interests of a private citizen relator in a *qui tam* suit have no bearing on her right to petition the Government or bring concerns about federal agency decision-making before an Article III court. In its Motion to Intervene and Dismiss, the United States seeks only to exercise its unique and clear authority to dismiss a *qui tam* suit brought in its name. It does not, and agrees that it cannot, limit Relator's right to petition the Government through other appropriate avenues available to her.

Nor has Relator demonstrated how she has been denied due process in this case or how the dismissal of this *qui tam* action amounts to an equal protection violation. Starting with procedural due process, Relator Jackson has been provided

3

notice and an opportunity to be heard through briefing and oral argument. *See Vanderlan*, No. 3:15-cv-00767-DPJ-ASH, at 10. Her substantive right to due process has also been satisfied, as she has advanced only speculation about the Government's "suspected" and "unstated" motives and has failed to provide any evidence that the Government acted in an arbitrary or capricious manner. *Lewis v. Univ. of Tex Med. Branch at Galveston*, 665 F.3d 625, 631 (5th Cir. 2011); *United States ex. rel. Polansky v. Exec. Health Res. Inc.*, 17 F. 4th 376, 390 n.17 (3d Cir. 2021)("Only the most egregious official conduct can be said to be arbitrary in the constitutional sense."); *see also Brutus Trading,* 2023 WL 5344973 at *3 (finding that a "substantial threshold showing" of government impropriety was required to support discovery related to a substantive due process argument in opposition to a (c)(2)(A) dismissal). Finally, to prevail on a claim of selective enforcement under the Equal Protection Clause, the "claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 465 (1996)(citation and internal quotation omitted). No such allegation is made here.

## II.    The Court Can Make This Ruling Without an Evidentiary Hearing

While the Supreme Court did not specify what procedures would satisfy the § 3730(c)(2)(A) hearing requirement, neither *Polansky* nor Rule 41(a)(1) suggests that an evidentiary hearing is required. Very recently, in *United States ex. rel. Vanderlan*

4

*v. Jackson HMA, LLC*, the District Court looked to the legislative history of the False Claims Act to support its conclusion that the parties' briefing and an oral hearing where no evidence was presented was sufficient to meet the § 3730(c)(2)(A) hearing requirement. No. 3:15-cv-00767-DPJ-ASH at 8. The District Court noted:

> Looking more closely at the statutory text, nothing in § 3730(c)(2)(A) suggests a right to discovery or an evidentiary hearing. Indeed, an earlier version of the bill would have allowed relators to "file objections with the court and petition for an evidentiary hearing." S. 1562, 99th Cong. (1986), quoted in *United States ex rel. Brooks v. Stevens-Henager Coll., Inc.*, 359 F. Supp. 3d 1088, 1125 (D. Utah 2019). Even under that earlier draft, the legislative history explained that such hearings would not be guaranteed: "The Committee does not intend, however, that evidentiary hearings be granted as a matter of right. We recognized that an automatic right could provoke unnecessary litigation delays." S. Rep. No. 99-345 at 5291 (1986). That version of the bill never passed, and the final text dropped all reference to an evidentiary hearing or the right to object. Section 3730(c)(2)(A) requires only notice and a "hearing."

*Id*. The *Vanderlan* court's conclusion is consistent with other decisions evaluating the § 3730(c)(2)(A) hearing requirement, several of which also cautioned that allowing the relator to present evidence may amount to "an unjustified 'mini-trial' on the merits," as opposed to an evaluation of whether the United States has met its burden to exercise its dismissal authority under Rule 41(a)(1). *See Toomer*, 2018 WL 4934070, at *6. Finally, as discussed above, none of Relator's constitutional concerns implicate the need for an evidentiary hearing or, more broadly, override the United States' right to seek dismissal of its own claim.

5

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that, finding the United States had good cause to intervene, the case be dismissed pursuant to 31 U.S.C. § 3730(c)(2)(A).

Date: April 29, 2024                              Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

DAMIEN M. DIGGS
United States Attorney
Eastern District of Texas


By:   /s/ *Erin Colleran*
JAMIE ANN YAVELBERG
ANDY J. MAO
ERIN COLLERAN
U.S. Department of Justice
Civil Division
175 N St., NE
Washington, DC 20002
(202) 532-5056
Erin.Colleran@usdoj.gov

JAMES GILLINGHAM
Assistant U.S. Attorney
Eastern District of Texas
110 N. College Street; Suite 700
Tyler, Texas 75702
(903) 590-1400
James.Gillingham@usdoj.gov
Texas State Bar # 2406529

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via CM/ECF to all parties, on this 29th day of April, 2024.

*/s/ Erin Colleran*
Erin Colleran
Trial Attorney